IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | |
| **MMA LAW FIRM, PLLC,** | § § | Case No. 24-31596 |
| | § | Chapter 11 |
| Debtor. | § | |

| | | |
|---|---|---|
| **CRISTÓBAL M. GALINDO, P.C.,** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adversary Proceeding No. 25-03310 |
| **MMA LAW FIRM, PLLC,** | § § § | |
| Defendant. | § § | |

**CRISTÓBAL M. GALINDO, P.C.'S ORIGINAL COMPLAINT
AGAINST MMA LAW FIRM, PLLC, THE DEBTOR**

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("**GLF**" or the "**Plaintiff**"), by and through its undersigned counsel, and files this, its Original Complaint against MMA Law Firm, PLLC, the Debtor ("**MMA**" or the "**Defendant**"), and, in support therefore, alleges as follows:

**I.  NATURE OF THE ACTION**

1. GLF brings this Original Complaint against MMA for claims against the Debtor's bankruptcy estate (the "**Estate**").

1

## II.     PARTIES

2. The Plaintiff is a professional corporation incorporated under the laws of Texas, with its principal place of business in Houston, Texas.

3. The Debtor is a professional limited liability company organized under the laws of Texas, with its principal place of business in Houston, Texas. It can be served with process by mailing the Summons and Complaint by First Class Mail to its Registered Agent, John Z. Moseley, 1235 N. Loop W., Suite 810, Houston, Texas 77008, and on MMA Law Firm, PLLC c/o John Z. Moseley, President, 516 Heights Blvd., Houston, Texas 77007, or wherever it may be found.

## III.     JURISDICTION AND VENUE

4. This Court has jurisdiction over the above-styled adversary proceeding (the "**Adversary Proceeding**") pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue for the Adversary Proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested in the Adversary Proceeding is pursuant to 28 U.S.C. §§ 2201-2202 and 11 U.S.C. § 541.

## IV.     BACKGROUND

7. For over a decade, GLF has been a law firm that handles a high volume of personal injury and/or tort cases. The founder of GLF is Cristóbal M. Galindo ("**Mr. Galindo**").

8. On or about May 6, 2016, MMA f/k/a McClenny Moseley & Associates, PLLC, filed its Certificate of Formation with the Texas Secretary of State to be a "litigation" firm, and is based in Texas. The founding members of MMA were James M. McClenny ("**Mr. McClenny**") and Mr. Moseley.

9. Upon information and belief, MMA initially focused on commercial storm damage claims in Texas and Florida.

10. On August 27, 2020, Hurricane Laura made landfall in Cameron, Louisiana, as a Category 4 hurricane. On October 9, 2020, Hurricane Delta made landfall approximately (fifteen) 15 miles from Cameron, Louisiana, as a Category 2 hurricane.

11. On October 26, 2020, seizing an opportunity to obtain a large volume of first party property damage cases, MMA registered with the Louisiana Secretary of State and, upon information and belief, MMA opened its first office in Louisiana. Neither Mr. Moseley nor Mr. McClenny were and/or are licensed in Louisiana, so they brought in, *inter alia*, William Huye, III, who was licensed in Louisiana, and several other young attorneys.

12. On August 29, 2021, Hurricane Ida made landfall in Louisiana.

A. **Formation of Relationship Between MMA and GLF**

13. In early 2021, Mr. Moseley and Mr. Galindo met to discuss the possibility of a relationship between MMA and GLF.

14. Subsequently, in February 2021, Mr. Moseley and Mr. Galindo met over a few days in Scottsdale, Arizona, and discussed further details of a possible co-counsel relationship (not GLF referrals) on a large volume of first-party property damage cases, mainly located in Louisiana. Mr. Galindo was very impressed by Mr. Moseley's representations that he and his firm (MMA) had developed the ability to handle a large volume of first-party property damage cases on a scale that had been rarely, if ever, done. Mr. Moseley convinced Mr. Galindo that MMA had the infrastructure in place to handle the claims and that MMA needed only to obtain the cases. While GLF already had its own large volume of first-party property damage cases and other co-counsel, GLF was interested in diversifying.

15. The discussions in Scottsdale led to an arrangement wherein GLF would assist MMA in obtaining a large volume of storm cases and GLF would assist MMA in handling the

cases that they co-counseled on together while combining Mr. Galindo's extensive experience with Mr. Moseley's experience. MMA would be the "handling law firm" and GLF would provide assistance and guidance as needed.

**B.      The Agreements**

16.     In reliance upon the conversations between Mr. Galindo and Mr. Moseley and Mr. Moseley's representations, GLF obtained more than 5,000 clients between approximately November 2021 and September 2022, to co-counsel with MMA. Thereafter, MMA and GLF entered into more than 5,000 agreements with the clients (collectively, and individually, the "**Insured(s)**") relating to hurricane damages and in several states, including, but not limited to, Louisiana (collectively, and individually, the "**Agreements**"). A blank copy of an Agreement, which contains terms that are substantially and materially identical to the relevant Agreements is attached hereto Exhibit "A" and incorporated herein for all purposes. The executed Agreements formed the basis of the "**Case(s)**," collectively, and individually.

17.     Paragraph 1 of the Agreements states that "Parties to this Contract. The undersigned clients . . . hires [MMA] and Co-Counsel [defined in Footnote 1 of the Agreement as Krause and Kinsman Trial Lawyers, LLP ("**K&K**"), MMA, and GLF] as Client's attorneys. . . ." Paragraph 1 of the Agreement. Therefore, the Parties to the Agreements are the Insured(s), and the attorneys MMA, GLF, and K&K (collectively, the "**Attorneys**").

18.     The Agreements provide for fee sharing of the proceeds from the Cases (collectively, and individually, the "**Proceeds**") and Footnote 1 of the Agreements state how the Proceeds from the Agreements are to be shared between the Attorneys and provides that "Client consents to Counsel's joint representation of Client and Counsel's fee sharing agreement per which each will receive the following share of Counsel's Fees and Costs payable by Client per this

4

agreement: 37.5% to [MMA] and 50% to Galindo Law Trial Attorneys and 12.5% to Krause and Kinsman Trial Lawyers, LLP." Upon information and belief, all of the Agreements were executed by the Insureds.

19. GLF has not given authority to anyone to settle or compromise GLF's rights and/or entitlements to any of GLF's portion (either contractually or in *quantum meruit*) related to the Insureds, the Agreements, and/or the Cases. In addition, GLF has always reserved and maintains all of its rights related to the Insureds and the Cases.

C. **Misappropriation of the GLF Proceeds**

20. Upon information and belief, MMA has received Proceeds both pre-petition and post-petition pursuant to the Agreements that belong to GLF (the "**GLF Portion**") and were never property of the Estate but were never paid to GLF.

21. As a very limited example of the foregoing, GLF is filing under seal contemporaneously herewith ten (10) Agreements with corresponding checks, pre- and post-petition, for which GLF should have but never received the GLF Portion.

22. In addition, upon information and belief, GLF believes that MMA received Proceeds that were also never distributed to the proper Insured but, rather, MMA kept all of the Proceeds.

23. Upon information and belief, at the direction of Mr. Moseley, MMA would sometimes deposit the Proceeds in MMA's IOLTA Account and then transfer them to the MMA's Operating Accounting, and, at other times, MMA would directly deposit the Proceeds into MMA's Operating Account.

24. Further, upon information and belief, at times, neither the Insured nor GLF was ever notified that MMA had received Proceeds that belonged to GLF and the Insured, and it is only

through GLF's initial discovery that GLF has begun to discover the magnitude of the Proceeds that were not properly distributed to their rightful owners. Extensive discovery is necessary in order to obtain an accurate accounting, if even possible, what has happened to, upon information and belief, a substantial amount of the Proceeds that MMA received and never distributed to the Insureds and/or GLF.

D.     **GLF's Proof of Claim Against the Debtor**

25.    On April 9, 2024 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Case**") creating the Estate.

26.    The Debtor has continued operating as a Debtor-in-Possession.

27.    On August 13, 2024, GLF filed Proof of Claim No. 47 (or 47-1) (the "**POC**"). The proof of claim bar date was August 13, 2024; therefore, the POC was timely filed.

28.    On February 5, 2025, the Debtor filed its Objection to Proof of Claim No. 47 [47-1], Filed by Cristóbal M. Galindo, P.C. (the "**Objection**") [Docket No. 518].

29.    On March 7, 2028, GLF filed its response to the Objection [Docket No. 581].

30.    On March 7, 2028, GLF filed its Motion for Leave to Amend Proof of Claim No. 47 Filed By Cristobal M. Galindo, P.C. D/B/A Galindo Law Firm (the "**Motion for Leave**") [Docket No. 580]. GLF also sought leave to amend the POC.

31.    On April 28, 2025, this Court held a hearing on the Motion for Leave and converted the Objection to the POC into the Adversary Proceeding.

32.    GLF asserts claims for the GLF Portion of the Proceeds to which it is entitled to under the Agreements that have been resolved by the Debtor. GLF also asserts that the GLF Portion is not property of the Estate, but to the extent that the GLF Portion is no longer available, GLF asserts claims under various theories, including, but not limited to, declaratory action,

turnover, breach of contract, *quantum meruit*, unjust enrichment, and/or conversion (collectively, the "**Causes of Action**").

## V.   CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT THAT THE
### GLF PORTION IS NOT PROPERTY OF THE DEBTOR'S ESTATE

33.     The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs.

34.     GLF was entitled to the GLF Portion (the 50% share of attorney's fees collected under the Agreements by MMA). The GLF Portion belongs to GLF, separate and distinct from MMA's portion.

35.     When considering a declaratory judgment action, the Court must consider a three-step inquiry: (i) whether an "actual controversy" exists between the parties in the case; (ii) whether it has authority to grant declaratory relief; and (iii) whether "to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

36.     An actual controversy exists between the Plaintiff and the Debtor regarding the GLF Portion from the Proceeds. The Debtor filed the Objection to GLF's POC, and the Debtor has not paid GLF any portion of the Proceeds since January 2023 even though, upon information and belief, the Debtor has continued to collect the Proceeds.

37.     The Plaintiff has not relinquished its right to claim an interest in any portion of the Proceeds that have been collected by the Debtor – pre- or post-petition.

7

38. Pursuant to Section 541(a)(1) of the Bankruptcy Code, "property of the estate" encompasses "all legal and equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541.

39. In the present case, the GLF Portion was never the property of MMA (pre-petition) or the Debtor (post-petition). The GLF Portion is a separate and distinct property right that GLF is entitled to under the Agreements.

40. The fact that the GLF Portion may have come into the possession of the Debtor did not change its character as GLF's property.

41. Upon information and belief, the Debtor was and/or still is in possession of some of the GLF Portion. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, GLF seeks entry of an order and a judgment declaring that GLF is the owner of the GLF Portion in the Debtor's possession and that such funds do not constitute property of the Debtor's estate under Section 541(a) of the Bankruptcy Code.

42. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

## COUNT II
## TURNOVER

43. The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs.

44. Because the GLF Portion is GLF's property, GLF is entitled to receive these funds. Thus, GLF seeks entry of an order and judgment requiring the Debtor to turn over the GLF Portion in their possession to GLF.

45. The Plaintiff has not relinquished its right to claim the GLF Portion from the Proceeds that have been collected by the Debtor – pre- or post-petition.

46. Upon information and belief, the Debtor has received and/or holds the GLF Portion from the settlement of some of the Agreements both pre- and post-petition.

47. The Plaintiff respectfully requests that the Court issue an order compelling the Debtor to provide a comprehensive accounting of all Proceeds related to the Agreements to date as well as all the Distribution Statements related to the Proceeds and/or how MMA distributed the Proceeds related to the Agreements.

48. Additionally, the Plaintiff requests an order directing the turnover to GLF of the GLF Portion from the Proceeds.

49. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

## COUNT III
## BREACH OF CONTRACT

50. The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs.

51. To the extent that the Debtor (i) has received the GLF Portion and (ii) is no longer in possession of such funds, then GLF has a claim against the Debtor for, *inter alia*, breach of contract. The Agreements are valid contracts. GLF has performed its obligation under the Agreements. The Debtor breached the Agreements by not turning over the GLF Portion to GLF pursuant to the sharing ratio set forth in the Agreements. GLF was damaged in the amount of the GLF Portion not turned over. The Plaintiff requests an order directing the payment to GLF of the GLF Portion from the Proceeds.

52. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

## COUNT IV
## QUANTUM MERUIT

53. The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs.

54. To the extent that the Debtor (i) has received the GLF Portion (ii) is no longer in possession of such funds, and (iii) is not obligated under the Agreements to pay GLF the GLF Portion for whatever reason, then GLF has a claim against the Debtor for *quantum meruit*.

55. GLF provided valuable services to the Insureds and the Debtor. The Debtor accepted and benefited from the Agreements and GLF's services, and GLF reasonably expected to be paid the GLF Portion and for its services. Therefore, the Plaintiff requests an order directing the payment to GLF for its services.

56. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

## COUNT V
## UNJUST ENRICHMENT

57. The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs.

58. GLF and MMA entered into the Agreements. MMA benefitted from the Agreements to the exclusion of GLF, and, therefore, MMA will be unjustly enriched if it is not required to pay GLF the GLF Portion.

59. The Plaintiff requests an order directing the payment of the GLF Portion to GLF from the Proceeds.

60. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

## COUNT VI
## CONVERSION

61. The Plaintiff incorporates by reference herein the allegations set forth in the foregoing paragraphs

62. The elements of conversion are: (i) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (ii) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights, and (iii) the defendant refused the plaintiff's demand for the return of the property, including if a demand for the return of the property unless the possessor's acts manifest a clear repudiation of the plaintiff's rights.

63. To the extent that the Debtor (i) has received the GLF Portion and (ii) is no longer in possession of such funds, then GLF has a claim against the Debtor for conversion. GLF owned or had a legal right to immediately possess the GLF Portion. The Debtor unlawfully assumed control over the GLF Portion, to the exclusion of GLF's rights, by using the funds for its own purposes. The GLF Portion was a specific property interest because it was intended to be kept separate in the Debtor's trust account.

64. The Plaintiff requests an order directing the turnover of the GLF Portion from the Proceeds.

65. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including, but not limited to, attorneys' fees and costs.

## VI. ATTORNEYS' FEES AND INTEREST

66. The Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

67. As a result of the Debtor's actions as complained of herein, GLF has been forced to retain the law firms of Ruth A. Van Meter, P.C. and Hayward PLLC to represent it in this action and has agreed to pay the firms' reasonable and necessary attorneys' fees and costs. Accordingly, GLF is entitled to and is seeking compensation for reasonable and necessary attorneys' fees and costs incurred and to be incurred in bringing this Adversary Proceeding. Pursuant to the usual and customary fees for a claim of this type, GLF is entitled to reasonable and necessary attorneys' fees for preparation and final trial of this Adversary Proceeding and additional attorneys' fees in the event of appeal or other proceedings before the United States District Court, United States Court of Appeals for the Fifth Circuit and the United States Supreme Court.

68. The Plaintiff is also entitled to, and is seeking to recover, pre-judgment and post-judgment interest as allowed by law.

69. The Plaintiff seeks damages within the jurisdictional limits of this Court, including actual damages, exemplary damages, and all other monetary and non-monetary relief to which the Plaintiff may be entitled, including but not limited to attorney's fees and costs.

## VII. CONDITIONS PRECEDENT

70. All conditions precedent to the relief being sought by the Plaintiff, in this matter, have been performed or have occurred.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, GLF respectfully requests that the Court:

71. Enter an order and declaratory judgment that GLF is the owner of the GLF Portion and that such funds do not constitute property of Estate under Section 541(a) of the Bankruptcy Code.

72. Enter an order and judgment requiring the Debtor to turnover the GLF Portion in its possession to GLF.

73. Allow claims against the Debtor for breach of contract, *quantum meruit*, unjust enrichment and conversion against the Debtor in the amount of the GLF Portion no longer in the Debtor's possession.

74. For actual equivalent value and damages as identified herein for all of the causes of action;

75. The Plaintiff's reasonable attorneys' fees and costs incurred herein;

76. Prejudgment interest;

77. Post-judgment interest, and

78. Such additional and further relief which the Court deems just and proper and to which the Plaintiff may show herself to be justly entitled.

Dated: May 12, 2025

Respectfully submitted,

**RUTH A. VAN METER, P.C.**

By: */s/ Ruth Van Meter*
   Ruth Van Meter
   State Bar No. 20661570
   ruth@vanmeterlaw.com
9322 Shady Lane Circle
Houston, Texas 77063
(713) 858-2891 (Direct)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

**- AND -**

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
   Charlie Shelton
   State Bar No. 24079317
   CShelton@HaywardFirm.com
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (Telephone/fax)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**