IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE No. 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

| | | |
|---|---|---|
| CRISTÓBAL M. GALINDO, P.C., | § | |
| | § | |
| PLAINTIFF, | § | ADVERSARY NO. 25-3310 |
| | § | |
| VERSUS | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| DEFENDANT. | § | |

### NOTICE OF SUBPOENA DUCES TECUM PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 45

**To: Progressive Casualty Insurance Company**, through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

PLEASE TAKE NOTICE that pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure, the Plaintiff Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm intends to serve the attached *Subpoena Duces Tecum* on Progressive Casualty Insurance Company, a non-party witness. *See* Exhibit 1.

Dated:  May 15, 2025

        Respectfully submitted,

        **RUTH A. VAN METER, P.C.**

        By:  */s/ Ruth Van Meter*
        Ruth Van Meter
        Texas State Bar No. 20661570
        9322 Shady Lane Circle
        Houston, Texas 77063
        (713) 858-2891 (Direct)
        ruth@vanmeterlaw.com

        - and -

        **HAYWARD PLLC**

        By:  */s/ Charlie Shelton*
        Charlie Shelton
        Texas State Bar No. 24079317
        7600 Burnet Road, Suite 530
        Austin, Texas 78757
        (737) 881-7100 (Phone/Fax)
        cshelton@haywardfirm.com

        **COUNSEL FOR CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

**CERTIFICATE OF SERVICE**

      This is to certify that on May 15, 2025, a true and correct copy of the foregoing Notice was filed with the Court and served via the Court's electronic case filing system (ECF) upon counsel for the Debtor, Miriam Goott and Johnie J. Patterson (via email, and with exhibits), and all parties registered to receive such electronic notices in this adversary proceeding.

Johnie Patterson
Miriam Goott
Walker & Patterson, P.C.
4815 Dacoma
Houston, Texas 77092
713.956.5577
713.956.5570 fax
jjp@walkerandpatterson.com
mgoott@walkerandpatterson.com

*Counsel for the Debtor and the Defendant*

                                        */s/ Ruth Van Meter*
                                        Ruth Van Meter

# EXHIBIT "1"

## SUBPOENA DUCES TECUM

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE No. 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

| | | |
|---|---|---|
| CRISTÓBAL M. GALINDO, P.C., | § | |
| | § | |
| PLAINTIFF, | § | ADVERSARY NO. 25-3310 |
| | § | |
| VERSUS | § | |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| DEFENDANT. | § | |

## SUBPOENA DUCES TECUM

**To: Progressive Casualty Insurance Company**, through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

**YOU ARE COMMANDED** pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure, to produce copies of the documents referenced in **Exhibit "A,"** attached hereto in their native format. Such copies should be delivered at the location, date, and time set forth below:

| PLACE: | DATE & TIME: |
|---|---|
| Ruth Van Meter<br>Ruth A. Van Meter, P.C.<br>9322 Shady Lane Circle<br>Houston, Texas 77063<br>713-858-2891<br>ruth@vanmeterlaw.com | Friday, June 6, 2025<br>by 5:00 p.m.<br>(Central Prevailing Time) |

Or via email to: ruth@vanmeterlaw.com

    Any organization that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

    Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iv), the text of Rules 45(d) and (e) are set forth below.

| ISSUING OFFICER SIGNATURE AND TITLE: | DATE: |
|---|---|
| /s/ *Ruth Van Meter* | May 15, 2025 |

**Ruth Van Meter**
**Ruth A. Van Meter, P.C.**
**9322 Shady Lane Circle**
**Houston, Texas. 77063**
**713-858-2891**
**ruth@vanmeterlaw.com**

**Fed. R. Civ. P. 45(d) and (e)**

(d) Protecting a Person Subject to a Subpoena; Enforcement.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(e) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

# EXHIBIT "A"

## TO THE SUBPOENA DUCES TECUM (THE "SUBPOENA")

### I.

### DEFINITIONS

1. Unless otherwise indicated below, documents and electronically stored information sought by this Subpoena are those documents and electronically stored information that came into existence from August 1, 2021, through the date of this Notice, or which refer to transactions, communications, and other events occurring from August 1, 2021, through the date of this Notice.

2. "**Debtor**" or "**MMA**" means the MMA Law Firm, PLLC, the Debtor in the bankruptcy case, Case No. 24-31596 (the "**Bankruptcy Case**"), and the Defendant in Adversary Proceeding No. 25-3310 (the "**Adversary Proceeding**"), pending in the Bankruptcy Court for the Southern District of Texas, Houston Division.

3. "**MMA and "Affiliates**" means the MMA Law Firm, PLLC; McClenny Moseley & Associates, PLLC; McClenny Law Group, Inc.; Moseley Law Group, Inc.; Moseley Law Group, LLC; The Storm Firm LLC, and/or the Law Office of J. Zachary Moseley.

4. "**Galindo**" or "**GLF**" means Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm, and the Plaintiff in the Adversary Proceeding.

5. "**You**" or "**Your**" means Progressive Casualty Insurance Company ("**Progressive**"), including, but not limited to, any subsidiaries, agents, successors, assigns, parent corporations, affiliates, holding companies, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, and associates, and all those acting on behalf of Progressive.

6. "**Insured**" means any person(s) listed on the attached Insured List, attached as Exhibit "B," and incorporated herein (Exhibit B will not be filed for confidentiality reasons, but will be served on Progressive's and the Debtor's counsel).

7. "**Claim(s)**" means any claim that the Insured has made on Progressive during the applicable time period and related to representation by MMA, MMA and Affiliates and/or Galindo.

8. "**Communication**" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise and is used herein in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals of between or among members of a group, whether face-to-face, by telephone, or by means of written, electronic, or other medium, including, but not limited to, all writings, e-mails, and texts.

9. "**Documents**" mean all written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, of every type and description that is or has been in Your possession, control or custody, of which You have knowledge, including but not limited to financial statements, reports to or from filings; with any person or entity (including, but not limited to governmental regulatory entities), transcriptions of any conversation or testimony, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, films, microfilms, voice recordings, reports, recommendations, minutes, statistical computations, telegrams, telex messages, listings of phone calls, books of account, work papers, ledger, financial and business records, contracts, agreements, assignments, loan files, draws, expense records, leases, deeds, conveyances, bills of sale, promissory notes, pledges, collateral agreements, security agreements, appraisals, analyses and computer records (translated, if necessary, by You through detection devices into reasonable usable form); every draft of each such document, and every copy of each such document where copy contains any commentary or notation that does not appear on the original of the other copy.

10. "**Electronic file**" includes, but is not limited to, voice mail messages and files, email messages and files, deleted files, temporary files, system-graphical, or audio format, including, but not limited to, history files, caches, and cookies, and computer activity logs and metadata.

11. "**Electronically stored information**" or "**ESI**" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

12. "**Relating to**" means concerning, referring, describing, evidencing or constitution, either directly or indirectly.

## II.

## DOCUMENTS TO BE PRODUCED

1. Any and all Documents relating to all Claims, including but not limited to, (i) the non-privileged file of the Insureds and Claims, and (ii) Letters of Representation by MMA, MMA and Affiliates, and/or Galindo.

2. Any and all payments relating to the Claims of the Insureds, including, but not limited to, (i) checks wherein MMA, MMA and Affiliates and/or Galindo are listed as the payee (front and back); (ii) cleared checks wherein MMA, MMA and Affiliates and/or Galindo are listed as the payee (front and back); (iii) cancelled checks wherein MMA, MMA and Affiliates and/or Galindo are listed as the payee (front and back); (iv) voided checks wherein MMA, MMA and Affiliates and/or Galindo are listed as the payee (front and back), and (v) wire transfers to or from MMA, MMA and Affiliates and/or Galindo related to the Claims of the Insureds.

3. Any and all Communications regarding the Claims between You and MMA, MMA and Affiliates and/or Galindo.

4.	Any and all Documents, Correspondence, and Communications relating to any of the Claims and Insureds to and/or from MMA, MMA and Affiliates and/or Galindo and You, including, but not limited to any estimators and/or Public Adjusters.

5.	A Business Records Affidavit, prepared by You, or a form provided by Galindo upon request by You, and executed by You regarding the Documents produced by You.

**EXHIBIT "B"**

**(INTENTIONALLY LEFT BLANK
AND ONLY SERVED ON
THE DEBTOR'S COUNSEL AND THE WITNESS)**