IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-31596 |
| MMA LAW FIRM, PLLC, | § | Chapter 11 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW, | § § § | |
| Plaintiff, | § § | Adversary Proceeding No. 25-03310 |
| vs. | § § | |
| MMA LAW FIRM, PLLC, | § § | |
| Defendant. | § § | |

**EMERGENCY MOTION TO STRIKE THE DEFENDANT'S
<u>ANSWER TO THE ORIGINAL  COMPLAINT</u>**

**(Relates to Docket No. 58)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY (OR EXPEDITED) RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY (OR EXPEDITED) BASIS, THEN**

**YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY (OR EXPEDITED) CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("**GLF,**" "**Galindo,**" or "**Plaintiff**"), by and through its undersigned counsel, and files this Emergency Motion to Strike the Defendant's Answer to the Original Complaint Against MMA Law Firm, PLLC, by GLF. In support thereof, GLF would show the Court as follows:

1. On April 28, 2025, this Court held a hearing on GLF's Motion for Leave to Amend its Proof of Claim (the "**Hearing**"). GLF and the Debtor MMA Law Firm, PLLC, ("**Debtor**," "**MMA,**" or "**Defendant**") attorneys and representative were present for the Hearing.

2. At the Hearing, the Court entered an Order that converted the Motion for Leave to Amend Proof Claim 47-1, filed by GLF, and the Debtor's Objection, to the above-styled adversary proceeding (the "**Adversary**") [Docket No. 1 in the Adversary]. At the Scheduling Hearing the Court further discussed pre-trial and trial deadlines with the Debtor and GLF and entered a Comprehensive Scheduling, Pre-Trial & Trial Order (the "**Scheduling Order**") [Docket No. 2 in the Adversary].

3. In fact, on the record, the Court and Mr. Patterson discussed the deadline of May 30, 2025, as follows:

> THE COURT: Response deadline, Mr. Patterson?
>
> (Pause in the proceeding.)
>
> MR. PATTERSON: Two weeks is fine, Judge. So just the —— the end of the month. So, 30th.

Page 23, Lines 5 – 8 of the Transcript of the Hearing on May 28, 2025 (the "**Transcript**"). A portion of the Transcript (and highlighted) is attached hereto as Exhibit A.

4. The Scheduling Order required, *inter alia*, that GLF the deadline that GLF "must" file its Original Complaint was Monday, May 12, 2025. Further, the Scheduling Order provided that the deadline "must" filed its Answer was Friday, May 30, 2025.

5. Between April 28, 2025, and May 30, 2025, the Plaintiff filed and served approximately 42 Subpoenas *Duces Tecum* in the Adversary, mainly on insurance companies. The Plaintiff attempted to confer with the Defendant on several occasions; however, the Defendant never responded to any correspondence from the Plaintiff until the Plaintiff filed the Motion for Entry of Default by the Clerk (the "**Motion for Default**") [Docket No. 57].

6. On May 12, 2025, the Plaintiff filed its Original Complaint[1] (the "**Complaint**") [Docket No. 39] as required by the Scheduling Order.

7. Even though the Scheduling Order clearly states that an Answer was required to be filed by MMA by Friday, May 30, 2025, GLF requested that Summonses by issued on MMA at two (2) different addresses to ensure that the Adversary was procedurally correct and that this Court has jurisdiction. The Summonses and Complaints were served by both United States mail, postage fully pre-paid, and by Certified Mail to MMA on May 16, 2025 [Docket No. 48] (collectively, the "**Summons**").

8. The issuance and service of the Summons did not amend or modify the Scheduling Order in any way. In fact, Paragraph 15 of the Scheduling Order (that was agreed to by both parties at the Hearing) specifically states that **"[c]hanges to this Scheduling Order may only be made by further order of the Court. A motion to extend any deadline and/or alter**

---

[1] Although the Complaint is titled correctly as the Original Complaint, it had to be designated on the ecf as an "Amended Complaint" since the Adversary had already been instituted by entry of the Order. Therefore, Docket No. 39 is, in actuality, an Original Complaint, as titled.

**any hearing date will only be granted for good cause shown beyond the control of the lawyers and/or Parties and only in very limited circumstances**." (emphasis added).

9. On June 2, 2025, the Plaintiff filed its Motion for Default.

10. On June 2, 2025, after the Plaintiff filed the Motion for Default, the Defendant filed its Answer to Plaintiff's First Amended Complaint[2] (the "**Answer**") [Docket No. 58].

11. MMA did not file timely file an Answer or contact GLF's attorneys regarding the deadline to Answer prior to the filing of the Motion for Default.

12. In addition, as of this filing, six (6) days after the deadline has passed, the Defendant still has not sought any relief from this Court to extend the Court-ordered deadline to file an Answer by Friday, May 30, 2025. After the Motion for Default was filed, the Defendant did reach out to GLF asking if GLF would oppose their not-yet-filed request for leave to file the Answer. Before GLF responded, the Defendant filed the Answer and still has not sought any relief from the Court.

13. Accordingly, in light of the Defendant's late-filed Answer and that the Defendant has not sought leave or *any* relief from this Court to file a late filed answer, the Plaintiff respectfully requests that the Court enter an order striking the Answer.

### EMERGENCY CONSIDERATION

The undersigned requests that this Motion to Strike be set for an Emergency Hearing as soon as possible since the Scheduling Order continues to control the deadlines in the Adversary and the Plaintiff continues to pursue extensive discovery that will be unnecessary if the Motion to Strike is granted.

*/s/ Ruth Van Meter*
Ruth Van Meter

---

[2] The Defendant referred to the Complaint as the First Amended Complaint when in fact it is clearly an Original Complaint, as stated on the face of the Complaint (and discussed above).

4

## **PRAYER**

WHEREFORE, the Plaintiff requests this Court enter an Order striking the Defendant's Answer and granting such other relief as the Court deems just and proper.

Dated:  June 5, 2025. Respectfully submitted,

**RUTH A. VAN METER, P.C.**

By:  */s/ Ruth Van Meter*
    Ruth Van Meter
    State Bar No. 20661570
    ruth@vanmeterlaw.com
9322 Shady Lane Circle
Houston, Texas 77063
(713) 858-2891 (Direct)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

**- AND -**

**HAYWARD PLLC**

By:  */s/ Charlie Shelton*
    Charlie Shelton
    State Bar No. 24079317
    CShelton@HaywardFirm.com
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (telephone/fax)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 5, 2025, a true and correct copy of this Motion was filed with the Court and served via the Court's CM/ECF system upon all parties registered to receive such electronic service in this bankruptcy case, including the U.S. Trustee and the following parties.

Johnie Patterson
Walker & Patterson, P.C.
4815 Dacoma
Houston, Texas 77092
713.956.5577
713.956.5570 fax
jjp@walkerandpatterson.com

                                                       *Ruth Van Meter*
                                                       Ruth Van Meter