**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In Re:** | |
| **MMA Law Firm, PLLC,** | **Bankruptcy No. 24-31596** |
| **Debtor** | **Adv. Proc. No. 25-03310** |
| **CRISTOBAL M. GALINDO, P.C.,** | |
| **Plaintiff** | |
| **v.** | |
| **MMA LAW FIRM, PLLC,** | |
| **Defendant** | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

MMA Law Firm, PLLC (the **"Defendant"** or **"MMA"**), moves under Rule 7056 of the Federal Rules of Bankruptcy Procedure for an order granting summary judgment, and would respectfully show the Court as follows:

**SUMMARY OF ADVERSARY PROCEEDING**

Plaintiff Cristobal M. Galindo, P.C. ("**Galindo**") has asserted claims that it is entitled to all or a portion of attorney fees from clients also represented by Defendant MMA based upon

contracts with clients for whom Galindo has never performed legal work. Galindo relies on contract language that purport to entitle Galindo to a percentage of any fee collected – for doing nothing. Galindo asserts that there are thousands of cases in which it is entitled to fees (in essence a bare referral fee), asserting breach of contract, quantum meruit, and other causes of action.

As evidence, Galindo has identified in its Complaint fifteen (15) sealed Contingency Agreements with clients located in three (3) different states - Texas, Louisiana and Mississippi. ECF No. 40.

What Galindo has failed to do, and what it cannot do is provide any evidence that it provided even 1 hour of legal representation to a single client of the thousands of fees it asserts it is owed.

Without this evidence, MMA is entitled to summary judgment on all of Galindo's claims.

**LEGAL STANDARD AND ANALYSIS**

1. A "no evidence" motion for summary judgment is recognized in the Fifth Circuit, and it is typically asserted when the nonmovant lacks evidence to support an essential element of their claim. With a "no evidence" motion under Federal Rule of Civil Procedure 56, the moving party can meet its burden by pointing out the absence of evidence supporting the nonmovant's case, without needing to negate the elements of the claim. Once this initial burden is met, the burden shifts to the nonmovant to present specific facts showing a genuine issue for trial. *Chapple v. Tex. HHS Comm'n*, 789 Fed. Appx. 985, 988 (5th Cir. 2019)("Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual [dispute] for trial."), citing *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (cleaned up); *Brennan v. Mercedes Benz USA*, 388 F.3d 133, 135 (5th Cir. 2004)(" Once the moving party has demonstrated that the non-moving party has no evidence such that a reasonable jury could support a verdict in its favor, the non-moving party must put forth specific facts that demonstrate a genuine factual issue for trial."), citing *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986)).
2. To plead a "no evidence" motion for summary judgment, the movant must identify the specific element of the nonmovant's claim that lacks evidentiary support. For example, in *Austin v. Kroger Tex., L.P.*, the court explained that the movant satisfies its burden by alleging the absence of evidence necessary to prove a specific element of the case, thereby shifting the burden to the nonmovant to present evidence creating a genuine issue for trial.

*Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). Similarly, in *Boudreaux v. Swift Transp. Co.*, the court noted that the moving party may meet its burden by simply pointing to an absence of evidence to support the nonmovant's case. *Boudreaux v. Swift Transp. Co*., 402 F.3d 536, 544 (5th Cir. 2005) ("On summary judgment, the moving party is not required to present evidence proving the absence of a material fact issue; rather, the moving party may meet its burden by simply "pointing to an absence of evidence to support the nonmoving party's case."), citing *Armstrong v. Am. Home Shield Corp*., 333 F.3d 566, 568 (5th Cir. 2003); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (finding "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim"); *Morris v. Covan World Wide Moving, Inc*., 144 F.3d 377, 380 (5th Cir. 1998)("If . . . the nonmoving party bears the burden of proof at trial, the moving party may demonstrate that it is entitled to summary judgment by . . . pointing out to the district court the absence of evidence necessary to support the nonmoving party's case.").

3. Plaintiff alleges that it is entitled to attorney fees based upon fee agreements which provide for the sharing of attorney fees. ECF No. 39.
4. The exhibits filed with the Complaint indicate clients in three (3) states [Texas, Louisiana and Mississippi] entered into contracts with MMA and which indicated Plaintiff would share in any collected fee. ECF No. 40.
5. However, Galindo fails to even allege that it performed any legal work in support of the fees claim in the thousands of cases.
6. Texas, Mississippi and Louisiana restrict direct fee sharing among lawyers when no work is performed by the non-participating lawyer or the non-participating lawyer does not agree to be primarily responsible for the representation, foreclosing all of the Plaintiff's claims asserted in the Complaint.
    a. <u>In Texas</u>, the sharing of attorney fees between lawyers who are not in the same firm is governed by Rule 1.04(f) of the Texas Disciplinary Rules of Professional Conduct. Such fee-sharing arrangements are permissible only if specific requirements are met. First, the division of fees must either be in proportion to the professional services performed by each lawyer or involve lawyers who assume joint responsibility for the representation. Second, the client must consent in writing to the terms of the arrangement before the referral or association occurs. ***This written consent must include the identity of all lawyers or law firms involved,***

***whether the fees will be divided based on the proportion of services performed or joint responsibility, and the share of the fee each lawyer or firm will receive or the basis for the division.*** Additionally, the aggregate fee must not be illegal or unconscionable. If these requirements are not met, the fee-sharing agreement is unenforceable and violates public policy. TEX. R. PROF CONDUCT 1.04; *Dickens v. Jason C. Webster, P.C.*, No. 05-17-00423-CV, 2018 Tex. App. LEXIS 10893, *35-37 (Tex. App.—Dallas Dec. 31, 2018, no pet.); *Garcia-Vela v. Jolly*, No. 04-21-00541-CV, 2023 Tex. App. LEXIS 2469, *12-14 (Tex. App.—San Antonio Apr. 19, 2023, no pet.).

b. In Louisiana, the sharing of attorney fees between lawyers not in the same firm is addressed under Rule 1.5(e) of the Louisiana Rules of Professional Conduct. The rule requires that the client agree in writing to the representation by all lawyers involved and be advised in writing of the share of the fee each lawyer will receive. Furthermore, the total fee must be reasonable, ***and each lawyer must render meaningful legal services for the client in the matter.*** Louisiana courts have generally upheld agreements between attorneys to share fees, even oral agreements, provided there is no breach of the agreement and ***the attorneys fulfill their obligations in representing the client***. However, if there is a breach, the division of fees may be subject to quantum meruit, based on the meaningful services rendered by each attorney. La. St. Bar Ass'n. Art. XIV 1.5; *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102, 118 (La. 1978).

c. In Mississippi, the division of attorney fees between lawyers who are not in the same firm is governed by Rule 1.5(e) of the Mississippi Rules of Professional Conduct. The following requirements must be met for such fee-sharing arrangements:

    i. *Proportionality or Joint Responsibility*: The division must either be in proportion to the services performed by each lawyer or, alternatively, each lawyer must assume joint responsibility for the representation through a written agreement. MISS. RPC. RULE 1.5; *In re Guardianship v. Barrett*, 31 So. 3d 1285, 1287 (Miss. Ct. App. 2010).

    ii. *Client Consent:* The client must be advised of the participation of all lawyers involved and must not object to it. Miss. RPC. Rule 1.5; *In re Guardianship v. Barrett*, 31 So. 3d 1285, 1287 (Miss. Ct. App. 2010).

iii. *Reasonableness of the Total Fee:* The total fee charged to the client must be reasonable, as determined by the factors outlined in Rule 1.5(a). These factors include considerations such as the time and labor required, the complexity of the matter, the customary fee in the locality, and the results obtained, among others. MISS. RPC. RULE 1.5; *In re Guardianship v. Barrett*, 31 So. 3d 1285, 1287 (Miss. Ct. App. 2010); *Wellsgate Homeowners Ass'n v. Hilton*, 296 So. 3d 744 (Miss. Ct. App. 2020); *Bailey Law PLLC v. Morgan & Morgan PLLC (In re Estate of Bourne)*, 282 So. 3d 796, 805 (Miss. Ct. App. 2019).

iv. Additionally, case law in Mississippi emphasizes the application of equitable principles in fee-sharing disputes, particularly when one attorney performs the majority of the work. For instance, in *Barrett*, the court awarded a larger share of the fees to the attorney who performed the majority of the work, despite an agreement to split fees equally, citing the reasonableness requirement under Rule 1.5(e). *In re Guardianship v. Barrett*, 31 So. 3d 1285 (Miss. Ct. App. 2010); *Bailey Law PLLC v. Morgan & Morgan PLLC (In re Estate of Bourne)*, 282 So. 3d 796 (Miss. Ct. App. 2019).

7. The bare fee sharing (or referral fee) provisions are in violation of public policy in each of the three (3) states and are unenforceable due to being unsupported by any legal work or actual representation by Galindo:

   a. Texas:

      i. Rule 1.04(g) specifies that a fee-sharing agreement that does not comply with the requirements is unenforceable, except for the reasonable value of legal services provided and necessary expenses incurred. TEX. R. PROF. CONDUCT 1.04(g); *Dickens v. Jason C. Webster, P.C.*, No. 05-17-00423-CV, 2018 Tex. App. LEXIS 10893, *35-36 (Tex. App.—Dallas Dec. 31, 2018, no pet.); *Garcia-Vela v. Jolly*, No. 04-21-00541-CV, 2023 Tex. App. LEXIS 2469, *11-14 (Tex. App.—San Antonio Apr. 19, 2023, no pet.).

      ii. Courts have consistently held that agreements violating these rules are void as against public policy. *Id.*

b. Louisiana:

i. The standards governing the conduct of attorneys by rule of the Louisiana Supreme Court [LA RULES OF PROFESSIONAL CONDUCT] unquestionably have the force and effect of substantive law. See *Chittenden v. State Farm Mut. Auto Ins. Co.*, 788 So. 2d 1140, 1148 (La. 2001), citing *Succession of Wallace*, 574 So.2d 348, 350 (La. 1991), *In re Bar Exam Class Action*, 752 So.2d 159, 160 (La. 2000).

ii. Contracts that directly contravene the LA RULES OF PROFESSIONAL CONDUCT are unenforceable to preserve the judiciary's authority to regulate the legal profession and maintain the integrity of the legal system. *Soderquist v. Kramer*, 595 So. 2d 825, 829-830 (La. App. 2 Cir. 1992); *Simon v. Metoyer*, 383 So. 2d 1321 (La. App. 3 Cir. 1980).

c. Mississippi:

i. In Mississippi, fee-sharing agreements that violate the Rules of Professional Conduct are considered void because such agreements contravene the ethical standards established to regulate the legal profession.

ii. Violations of the rules (in the "fee-sharing" context) is against public policy, and based upon those considerations the agreements are unenforceable. See *Forbes v. St. Martin*, 145 So.3d 1184, 1194 (Miss. Ct. App. 2013) *(citing Smith v. Simon,* 224 So.2d 565, 566 (Miss.1969) ("the courts have the duty and the power to declare void and unenforceable contracts made in violation of law or in contravention of the public policy of the state....")).

8. In addition, Galindo has failed and is unable to identify the actual clients to who it claims agreed to allow them to share a portion of the attorney fees.
9. Galindo has not alleged, nor can it provide any evidence that any legal work was provided to any client for which MMA earned and/or collected an attorney fee.
10. Final summary judgment should be rendered on behalf of MMA on all claims asserted by Galindo.

## CONCLUSION AND PRAYER

There are no genuine issues of material fact remaining Galindo does not allege and cannot provide any evidence that any legal representation was provided to any client for which MMA earned or received a fee. MMA asks the Court to enter an order granting its motion for summary judgment and enter a take nothing judgment for Galindo.

Dated: June 16, 2025

Respectfully submitted,

By: */s/ Johnie Patterson*
Johnie Patterson
Attorney-in-charge
SBN 15601700
COUNSEL FOR MMA

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
jjp@walkerandpatterson.com

**CERTIFICATE OF SERVICE**

I, Johnie Patterson hereby certify that a true and correct copy of the foregoing *Motion* was served on all parties entitled to notice by electronic transmission *via* the Court's CM/ECF noticing platform on June 16, 2025.

By: */s/ Johnie Patterson*
Johnie Patterson