United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 07, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| CRISTOBAL M. GALINDO P.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 25-3310 |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**
*Resolving ECF No. 82.*

Pending before this Court is Cristóbal M. Galindo, P.C.'s ("*Galindo*") "Emergency Motion Pursuant to Federal Rule 56(d) and Equity to Extend the Response Deadline to Defendant's Motion for Summary Judgment"[1] (the "*Emergency Motion*") filed on July 2, 2025. On that same day, MMA Law Firm, PLLC ("*MMA*") filed "MMA Law Firm, PLLC's Response To Plaintiff's Emergency Motion Pursuant To Federal Rule 56(d) And Equity To Extend The Response Deadline To Defendant's Motion For Summary Judgment" (the "*Response*").[2]

The deadline for Galindo to respond to MMA's motion for summary judgment filed on June 16, 2025 (the "*Summary Judgement Motion*")[3] is on July 7, 2025.[4] In its Emergency Motion, Galindo requests that the Court extend the July 7, 2025 deadline to allow adequate time for

---

[1] ECF No. 82.
[2] ECF No. 83.
[3] ECF No. 74.
[4] ECF No. 3. *See* BLR 9013-1(b).

discovery pursuant to Federal Rule of Civil Procedure ("*Rule*") 56(d).[5] Rule 56(d), made appliable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that if the non-moving party can demonstrate—through an affidavit or declaration—that it cannot present key facts to oppose a motion for summary judgement, the court has discretion to either "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[6] The purpose of Rule 56(d) is to permit "further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[7] Although requests under Rule 56(d) are liberally construed, the movant must show that (1) "additional discovery will create a genuine issue of material fact" and (2) they "diligently pursued discovery."[8] The Rule 56(d) movant must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[9]

Without the need of a hearing, the Court finds that Galindo's Emergency Motion, and the declaration of its president, Cristóbal Galindo, is based on vague, conclusionary and even contradicting statements that fail to meet its burden under Rule 56(d).[10] For example, to show that the evidence Galindo seeks "probably exists," Galindo states that it "has no reason, at this time, to believe that any of the former employee(s) are unavailable witnesses or beyond the reach of this Court's jurisdiction. Accordingly, GLF believes the evidence (their testimony) is obtainable and

---

[5] ECF No. 82 at 3.
[6] FED. R. CIV. P. 56(d).
[7] *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013).
[8] *Bailey v. KS Mgmt. Servs.*, L.L.C., 35 F.4th 397, 401 (5th Cir. 2022); *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).
[9] *Am. Family Life Assurance Co.*, 714 F.3d at 894.
[10] *Bailey*, 35 F.4th at 401 ("The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts.").

that they still have knowledge of the actions they took."[11] Galindo also states that it "is conducting discovery related to the Defendant's contention that GLF performed no legal work on the relevant cases. Particularly, GLF still needs to take the deposition of certain former GLF employee(s)."[12] Yet, Galindo asserts it acted diligently because it served subpoenas and notices for depositions to third parties, including former employees of MMA.[13] If Galindo completed work as it alleges, it is unclear why Galindo has not already obtained evidence from itself or its own current or former employees to support that allegation and why it now needs more time to gather evidence from third parties.

Accordingly, it is therefore:

**ORDERED**: that

1. Cristóbal M. Galindo, P.C.'s "Emergency Motion Pursuant to Federal Rule 56(d) and Equity to Extend the Response Deadline to Defendant's Motion for Summary Judgment"[14] filed on July 2, 2025, is DENIED.

2. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SIGNED July 7, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[11] ECF No. 82 at 5.
[12] ECF No. 82 at 4.
[13] ECF No. 82 at 6.
[14] ECF No. 82.