IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| MMA LAW FIRM, PLLC, | § § | Case No. 24-31596 |
| | § | Chapter 11 |
| Debtor. | § | |

| | | |
|---|---|---|
| CRISTÓBAL M. GALINDO, P.C., | § § | |
| Plaintiff, | § § | |
| vs. | § § | Adversary Proceeding No. 25-03310 |
| MMA LAW FIRM, PLLC, | § § | |
| Defendant. | § § § § | |

### SECOND MOTION OF CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW TO MAINTAIN SEALED STATUS OF EXHIBITS

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("**GLF**" or "**Galindo**"), by and through its undersigned counsel, hereby submits this motion (the "**Motion**") and would respectfully show

1

as follows:

## I.     RELIEF REQUESTED

1.     GLF seeks entry of an order, substantially in the form attached hereto (the "**Order**") maintaining the sealed status of certain exhibits incorporated to its *Response to Defendant's Motion for Summary Judgment* and filed at Docket No. 87 (including 87-1 and 87-2) (collectively, the "**Sealed Exhibits**").

## II.     JURISDICTION AND VENUE

2.     The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein is Section 105(a) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9037 Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9037-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## III.     BASIS FOR RELIEF

4.     Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 107(c) provides:

> The bankruptcy court, for cause, may protect an individual with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property.
>
> (A)     Any means of identification . . . contained in a paper to be filed, or to be filed, in a case under this title.
>
> (B)     Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c).

5. Bankruptcy Rule 9037(a) provides that certain identifying information regarding individuals must be redacted in court filings. Rule 9037(c) provides that the "court may order that a filing be made under seal without redaction." Bankruptcy Local Rule 9037-1 further provides, in relevant part, that when it may be practicable to redact confidential information from a document, "(i) a redacted document should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal."

6. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). The "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D. N.Y. 2003).

7. The courts have long recognized . . . a "strong presumption in favor of openness" as to court records. *Brown & Williamson* [*Tobacco Corp. v. F.T.C.*], 710 F.2d 1165, 1179 (6th Cir. 1983). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).

8. GLF believes the high bar of maintaining the Sealed Exhibits as sealed is met in the instant case. GLF asserts the Sealed Exhibits contain confidential former client information, which the Debtor and GLF are required to maintain as confidential. Such information includes confidential personal, financial, bank account, and other information with respect to MMA's and GLF's former clients which both are statutorily, contractually, and ethically[1] bound to keep

---

[1] Rule 1.6(a) of the Louisiana Rules of Professional Conduct provides: "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)."

3

confidential. Accordingly, cause exists to allow GLF to keep the exhibits under seal. Because nearly all the relevant information in the exhibits would be redacted, there is no point in filing redacted versions and none have been filed.

WHEREFORE, GLF respectfully requests this Court enter an order maintaining the confidentiality of the Sealed Exhibits and granting such other relief as the Court deems just and proper.

Dated: July 7, 2025

Respectfully submitted,

**RUTH A. VAN METER, P.C.**

By: */s/ Ruth Van Meter*
   Ruth Van Meter
   State Bar No. 20661570
   ruth@vanmeterlaw.com
9322 Shady Lane Circle
Houston, Texas 77063
(713) 858-2891 (Direct)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

**- AND -**

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
   Charlie Shelton
   State Bar No. 24079317
   CShelton@HaywardFirm.com
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (telephone/fax)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 7, 2025, a true and correct copy of this Motion was filed with the Court and served via the Court's CM/ECF system upon all parties registered to receive such electronic service in this bankruptcy case, including the U.S. Trustee and the following parties.

Miriam Goott
Walker & Patterson, P.C.
4815 Dacoma
Houston, Texas 77092
713.956.5577
713.956.5570 fax
mgoott@walkerandpatterson.com

*Ruth Van Meter*
Ruth Van Meter