IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 24-31596** |
| **MMA LAW FIRM, PLLC,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| **CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW,** | § § § | |
| Plaintiff, | § § | **Adversary Proceeding No. 25-03310** |
| vs. | § § | |
| **MMA LAW FIRM, PLLC,** | § § | |
| Defendant. | § | |

**CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW'S
MOTION TO STRIKE MMA LAW FIRM, PLLC'S REPLY TO THE PLAINTIFF'S
RESPONSE TO MMA LAW FIRM'S MOTION FOR SUMMARY JUDGMENT
AND SUPPLEMENT TO THE REPLY**

(Relates to Docket Nos. 90 and 92)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE EDUARDO V. RODRIGUEZ**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("**GLF,**" "**Galindo,**" or "**Plaintiff**"), by and through its undersigned counsel, and files this Motion to Strike MMA Law Firm, PLLC's Reply to the Plaintiff's Response to MMA Law Firm's Reply to the Plaintiff's Response to MMA Law Firm's Motion for Motion for Summary Judgment and the Supplement to the Reply [Docket Nos. 90 and 92], GLF would show the Court as follows:

## I.

## BACKGROUND SUMMARY

1. On April 28, 2025, this Court held a hearing on GLF's Motion for Leave to Amend its Proof of Claim (the "**Hearing**"). GLF and the Debtor MMA Law Firm, PLLC, ("**Debtor**," "**MMA,**" or "**Defendant**") attorneys and representative were present for the Hearing.

2. At the Hearing, the Court entered an Order that converted the Motion for Leave to Amend Proof Claim 47-1, filed by GLF, and the Debtor's Objection, to the above-styled adversary proceeding (the "**Adversary**") [Docket No. 1]. At the Hearing, the Court further discussed pre-trial and trial deadlines with the Debtor and GLF and entered a Comprehensive Scheduling, Pre-Trial & Trial Order (the "**Scheduling Order**") [Docket No. 2].

3. On June 6, 2025, MMA filed the Defendant's Motion for Summary Judgment (the "**MSJ**") [Docket No. 74].

4. On July 7, 2025, the Plaintiff filed GLF's Response to the MSJ (the "**Response**") [Docket No. 86].

5. On July 9, 2025, the Defendant filed its Reply to the Response (the "**Reply**") [Docket No. 90].

6. The Reply consists of 30 pages not including the signature page or the certificate of service.

7. On July 10, 2025, MMA filed a Supplement to the Reply to the Response [Docket No. 92], which is another 6-1/2 pages, not including the signature line and certificate of service, (collectively, Docket Nos. 90 and 92, are referred to herein as the "**Combined Reply**"), thus bringing the total briefing up to 36-1/2 pages for the Combined Reply. Notably, the Dispositive Motion was limited to 20 pages in the Scheduling Order, as discussed below.

## II.

## ARGUMENT AND AUTHORITIES

8. GLF respectfully asserts that the Combined Reply should be stricken because: 1) it exceeds this Court's page limit, and 2) it is not explicitly permitted by the Scheduling Order or the Local Rules.

9. First, while the Scheduling Order does not directly address a page limit for a "Reply to a Response to a Motion for Summary Judgment" (a Dispositive Motion), it does expressly state that "all Dispositive Motions ([are] limited to 20 pages, excluding exhibits)." Further, the Scheduling Order provides that "responses ([are] limited to 15 pages, excluding exhibits)." Therefore, any reply, even if allowed, should be limited to a total amount of less than 7 pages.

10. Further still, this Court's Procedures limits briefs and memoranda to 20 pages, exclusive of a signature page and certificate of service.[1]

11. Therefore, GLF respectfully requests this Court strike the Combined Reply. Further, in the alternative, GLF requests the Court limit any reply, should the Court permit one, to no more than 7 pages.

12. Further, GLF notes that the MSJ was barely 6 pages long, thus, indicating that MMA believed it could get summary judgment in 6 pages on the MSJ but somehow needs 36-1/2 pages on a reply. GLF believes that MMA is attempting to use a reply brief to shoehorn in many

---

[1] The Procedures for Judge Rodriguez, Page 6, Section VI(e)(1).

3

arguments that should have been raised in the MSJ.

13. Second, GLF notes that a reply brief is not permitted as a matter of right by the Scheduling Order, this Court's Procedures, the Local Rules, or the Federal Rules of Bankruptcy Procedure.

14. Thus, MMA has merely taken the liberty of filing a reply brief without leave of Court and, further, decided to completely ignore this Court's page limit for the prior relevant filings. GLF also notes that Paragraph 15 of the Scheduling Order provides that "[c]hanges to this Scheduling Order may only be made by further order of the Court."

15. In addition, it appears that the Combined Reply may raise issues that are not contained in either the MSJ or the Response, and, the Defendant has attempted to shift the burden to the Plaintiff to spend an excessive amount of time to determine (and possibly respond to) what has been wrongfully added in the Combined Reply.

16. Accordingly, in light that the Defendant has not sought leave or *any* relief from the Scheduling Order to file the Combined Reply and/or file a Combined Reply that exceeds this Court's page limit, the Plaintiff respectfully requests that the Court enter an order striking the Combined Reply with prejudice and/or, in the alternative, to limit a reply not to exceed 7 pages in total as this Court has ordered in scheduling orders in other adversaries.

## III.

## **PRAYER**

WHEREFORE, the Plaintiff requests this Court enter an Order striking the Defendant's Combined Reply with prejudice, and granting such other relief as the Court deems just and proper.

Dated:  July 10, 2025

Respectfully submitted,

**RUTH A. VAN METER, P.C.**

By:  */s/ Ruth Van Meter*
   Ruth Van Meter
   State Bar No. 20661570
   ruth@vanmeterlaw.com
9322 Shady Lane Circle
Houston, Texas 77063
(713) 858-2891 (Direct)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

**- AND -**

**HAYWARD PLLC**

By:  */s/ Charlie Shelton*
   Charlie Shelton
   State Bar No. 24079317
   CShelton@HaywardFirm.com
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (telephone/fax)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 10, 2025, a true and correct copy of this Motion was filed with the Court and served via the Court's CM/ECF system upon all parties registered to receive such electronic service in this bankruptcy case, including the U.S. Trustee and the following parties.

Johnie Patterson
Miriam Goott
Walker & Patterson, P.C.
4815 Dacoma
Houston, Texas 77092
713.956.5577
713.956.5570 fax
jjp@walkerandpatterson.com
mgoott@walkerandpatterson.com

*Ruth Van Meter*
Ruth Van Meter