IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In Re:** <br><br> **MMA Law Firm, PLLC,** <br><br> **Debtor** <br><br> **CRISTOBAL M. GALINDO, P.C.,** <br><br> Plaintiff <br><br> v. <br><br> **MMA LAW FIRM, PLLC,** <br><br> Defendant | **Bankruptcy No. 24-31596** <br><br><br> **Adv. Proc. No. 25-03310** |

### MMA LAW FIRM,PLLC'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE THE REPLY AND SUPPLEMENT AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO EXCEED PAGE LIMITS

MMA Law Firm, PLLC (**"MMA"**), files this *Response to Cristóbal M. Galindo, P.C.'s (**"Galindo"**) Motion to Strike the Reply and Supplement, and in the Alternative, Motion for Leave to Exceed Page Limits*, and respectfully show the Court as follows:

**RELEVANT BACKGROUND**

1. This dispute arises from a joint contingency fee agreement among three law firms: MMA, Galindo, and Krause & Kinsman Trial Lawyers (**"K&K"**), who represented clients in hurricane-related first-party insurance claims.

2. On August 13, 2024, Galindo filed Proof of Claim No. 47 (the **"POC"**).

3. MMA objected to Galindo's POC on February 5, 2025 (the **"Claim Objection"**).

4. At a status conference on April 28, 2025, with Galindo's agreement, the Court converted the POC into an adversary proceeding and directed Galindo to file a formal complaint.

5. The Court entered a Comprehensive Scheduling Pre-Trial and Trial Order (the "**Scheduling Order**") on that same date.

6. On May 12, 2025, Galindo filed its Complaint and broadly claimed it provided "valuable services," but failed to plead any supporting facts.

7. MMA filed a seven-page Motion for Summary Judgment (**"MSJ"**) on June 16, 2025. (Exhibit A)

8. Galindo filed its Response to the MSJ on July 7, 2025 (**"MSJ Response"**). (Exhibit B)

9. MMA filed a Reply to the MSJ Response on July 9, 2025 **("Reply")**. (Exhibit C)

10. MMA filed a Supplement on July 10, 2025, which was limited to evidentiary objections to exhibits attached to Galindo's MSJ Response (**"Supplement"**). (Exhibit D)

## GALINDO'S MOTION TO STRIKE

11. On July 10, 2025, without conferring with MMA, Galindo filed a Motion to Strike the Reply and the Supplement (the **"Motion to Strike"**) [ECF No. 94].

12. Galindo argues the Court should strike both documents because:

    a. The Scheduling Order provides a 20-page limit for dispositive motions;

    b. The Court's procedures impose a general 20-page limit on briefs; and

    c. The Reply and Supplement *"may raise issues"* outside the scope of the MSJ or Response, allegedly burdening Galindo so that he *"may have to respond"*.

## RESPONSE TO MOTION TO STRIKE

13. MMA concedes that Galindo is correct in asserting the Scheduling Order imposes a 20-page limit on dispositive motions. The Reply and Supplement filed by MMA collectively exceeded this limit, totaling 39 pages.

14. The undersigned did not read the Scheduling Order before filing the Reply and Supplement and should have. Had this been done, undersigned counsel would have immediately recognized

the page limit and sought leave to exceed it before filing.

15. Had Galindo's counsel conferred with MMA before filing the Motion to Strike, this issue could have been resolved without Court intervention. MMA would have promptly filed a motion for leave to exceed the page limit.

16. Based on prior dealings with Galindo's counsel in this matter, it appears that they do not believe they are required to confer with MMA's counsel prior to filing contested pleadings. *(See Exhibit E.)* While they are entitled to take that position, it eliminated any opportunity to resolve this matter cooperatively.

17. Regardless, it is the undersigned counsel's responsibility to comply with the Court's rules, and apologizes for not having done so.

## **NECESSITY FOR EXTENSIVE PLEADING**

18. While MMA acknowledges that the Reply and Supplement exceeded the page limits set by the Court, their length was not the result of overzealous advocacy but rather a direct response to serious factual misrepresentations and evidentiary issues that only emerged after the filing of MMA's original Motion for Summary Judgment which was seven pages long.

19. Critically, after the MSJ was filed, Galindo deposed Adam Krause, the named partner of Krause & Kinsman Trial Lawyers ("K&K"), one of the three law firms that entered into the joint contingency fee agreements at issue (the **"Deposition"**).

20. Under cross-examination, Mr. Krause was thoroughly discredited. Despite his confident testimony on direct, it became immediately apparent that he lacked any personal knowledge of the matters on which he testified. His statements were exposed as speculative and unsupported by personal knowledge.

21. More disturbing, however, was what Krause revealed during that same cross-examination: prior to the deposition, he met privately with Galindo's counsel, Mr. Shelton, who coached him

on the very topics he would be questioned about.

> **GOOTT:** And his [Galindo's] attorney meets with you prior to your deposition and let's you know in advance the topics of what he's going to ask you about today, right?
>
> **KRAUSE:** Indeed.

*(Krause Depo. Tr. 217:16 – 20, Exhibit F)*

22. It did not stop there. Mr. Shelton also provided Mr. Krause with the very exhibits that would be used during the Deposition, a move that fundamentally undermines the credibility of Krause's testimony:

> **GOOTT:** Well, we know you had his [Mr. Shelton's] exhibits prior to the deposition, right?
>
> **KRAUSE:** Correct.
>
> **GOOTT:** Because you printed them for him, right?
>
> **KRAUSE:** I did.
>
> **GOOTT:** What did he [Shelton] tell you about the declaration?
>
> **KRAUSE:** He says we were going to go through these documents, and then we went through the topics that we were going to go over today.

*(Krause Depo. Tr. 206:17 – 207:1, Exhibit F)*

## GALINDO'S EMERGENCY MOTION

23. On July 2, 2025, just days after the Krause Deposition revealed glaring credibility issues, Galindo filed an *Emergency Motion to Extend* his deadline to respond to MMA's Motion for Summary Judgment (**"Emergency Motion"**), which was due July 7, 2025.

24. The Court swiftly denied the Emergency Motion without even requiring a hearing, making the following pointed observation: "*If Galindo completed work as it alleges, it is unclear why Galindo has not already obtained evidence from itself or its own current or former employees to support that allegation and why it now needs more time to gather evidence from third parties.*" (ECF No. 85)

25. Despite the Court's clear ruling and the opportunity to rely on internal records, Galindo and his counsel proceeded to file their MSJ Response with what can only be described as a complete disregard for Rule 11 obligations.

26. With no credible evidence in hand and no extension granted, Galindo's MSJ Response leaned almost entirely on the now-discredited deposition testimony of Adam Krause, testimony that was irreparably undermined by Krause's own admissions under cross-examination.

27. For example, in Paragraph 37 of the MSJ Response, Galindo attempts to support the assertion that he performed meaningful legal work by citing Krause's testimony that Galindo was responsible for client intake in the hurricane cases. (Exhibit B)

28. But under cross-examination, Krause clearly admitted he had no personal knowledge whatsoever of Galindo's role in intake:

> **GOOTT:** So when – so let me ask the question again. When Mr. Shelton asked you specific questions about what Galindo did regarding his intake role, you don't have any personal knowledge of that, correct?
>
> **KRAUSE:** No.
>
> **GOOTT:** Correct?
>
> **KRAUSE:** You heard me. I said no.
>
> *(Krause Depo. Tr. 157:23 – 158:5, Exhibit F)*

29. This is just one of many instances in which Krause's testimony, used as the central support for Galindo's factual claims in the MSJ Response, was systematically dismantled on cross-examination. Rather than withdraw or correct these assertions, Galindo doubled down and included them in the MSJ Response.

30. This tactic forced MMA to commit substantial space in its Reply to correct the record. Thirteen of the thirty pages in MMA's Reply were required solely to address the factual misstatements stemming from the Krause Deposition.

31. The length of MMA's Reply and Supplement was not a product of excess, it was a

necessary response to the sheer volume of misleading and unsupported claims made by Galindo, all of which relied heavily on a witness who was both coached by opposing counsel and lacked even the most basic personal knowledge of the matters he was testifying to.

### GALINDO'S DECLARATION

32. On top of having to dismantle the discredited Krause testimony, MMA was also forced to dedicate an additional five pages of its Reply to respond to a self-serving, conclusory declaration submitted by Mr. Galindo himself and attached to the MSJ Response (the, **"Declaration"**) (Exhibit G).

33. The Fifth Circuit has held that self-serving affidavits used in summary judgment must include facts that are particularized, not vague or conclusory. *Kariuki v. Tarango,* 709 F.3d 495, 505 (5th Cir. 2013)

34. Galindo's declaration fails this test completely. It contains 12 vague blanket statements, none of which are supported by underlying facts, records, or corroborating evidence. One prime example: the first assertion in the Declaration regarding legal work performed by Galindo reads, *"I do know that GLF performed legal work on the cases."* This vague and unsupported statement, like the others, required MMA to respond directly and in detail, because Galindo offered nothing more than his own word which was vague and conclusory.

### NO IDENTIFIABLE BURDEN ON GALINDO

35. In a telling move, Galindo now seeks to strike MMA's Reply and Supplement, claiming they "may raise issues" not found in the MSJ or the Response, and suggesting that MMA's filings unfairly shift the burden to Galindo to identify and possibly respond to those issues.

36. Yet Galindo fails to identify a single "issue" that was wrongfully added or explain what, if anything, he might need to respond to. The Motion to Strike is heavy on speculation and light on substance. It amounts to nothing more than an effort to suppress a Reply that effectively dismantled

the foundation of Galindo's opposition.

37.     The reason the Reply and Supplement are lengthy is simple: they had to be. After filing a focused, 7-page MSJ, MMA was faced with a Response that relied on a coached, discredited witness and a vague, unsupported declaration. Galindo's Motion to Strike appears aimed at shielding the Court from the truth of what unfolded after that MSJ was filed, not from any legitimate procedural concern.

**RELIEF REQUESTED**

38.     MMA respectfully submits that its Reply and Supplement were both necessary and appropriate. These filings were required to correct the record and to present the Court with a clear, fact-based foundation for ruling on summary judgment. Had Galindo not relied so heavily on testimony that collapsed under cross-examination—combined with a declaration devoid of any particularized facts—MMA's Reply would have remained as concise as its original 7-page Motion for Summary Judgment.

39.     Additionally, the Supplement totaled 8 pages because MMA was compelled to respond to 24 exhibits attached to Galindo's MSJ Response, the majority of which were objectionable. While Galindo only cited a few exhibits in his briefing, he submitted nearly 20 more that were either irrelevant, inadmissible hearsay, or otherwise improper. It was necessary for MMA to address each of these to ensure the Court had a proper evidentiary record.

40.     That said, the undersigned counsel acknowledges that she did not read the Scheduling Order closely enough before filing the Reply and Supplement. Although the Order did not explicitly set a page limit for replies, it was incumbent upon MMA's counsel to recognize that such filings are subject to the same reasonable limitations. The appropriate course of action would have been to seek leave of Court in advance before filing documents that exceeded standard page limits.

41. Accordingly, MMA respectfully requests that the Court deny Galindo's Motion to Strike in its entirety.

42. In the alternative, MMA asks the Court to either:

   a. permit the existing Reply and Supplement to stand as filed, or

   b. grant MMA leave to refile the Reply and Supplement in conformity with the Court's preferred page limitations and procedures.

43. MMA apologizes to the Court for the oversight and assures the Court that any future filings will comply strictly with all procedural rules and orders.

Dated: July 11, 2025

Respectfully submitted,

By: /s/ Miriam T. Goott
Miriam T. Goott
Attorney-in-charge
SBN 24048846
COUNSEL FOR MMA

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (telephone)
mgoott@walkerandpatterson.com

## CERTIFICATE OF SERVICE

I, Miriam T. Goott hereby certify that a true and correct copy of the foregoing Response was served on Mr. Shelton and Ms. Van Meter, counsel for Galindo on July 10, 2025.

By: /s/ Miriam T. Goott
Miriam T. Goott