## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 24-31596** |
| **MMA LAW FIRM, PLLC,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| **CRISTÓBAL M. GALINDO, P.C. D/B/A** | § | |
| **GALINDO LAW,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Adversary Proceeding No. 25-03310** |
| vs. | § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| Defendant. | § | |

### EMERGENCY MOTION OF CRISTÓBAL M. GALINDO, P.C.
### D/B/A GALINDO LAW FOR PROTECTIVE ORDER

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**Emergency relief is requested on or before the 1:30 p.m. Hearing set on Wednesday, July 16, 2025.**

1

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("**GLF**" or "**Galindo**"), by and through its undersigned counsel, hereby submits this *Motion for Protective Order* (the "**Motion**"). As forecasted by undersigned counsel months ago at a hearing on GLF's previous *Emergency Motion of Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm* (the "**Initial Motion for Protective Order**") [Main Case Docket No. 659], MMA has again listed undersigned counsel as witnesses at a hearing set for Wednesday, July 16, 2025, (the "**Hearing**"). The instant matter before the Court is a hearing for which the testimony of undersigned counsel cannot possibly have any bearing. This is a consistent pattern by MMA and MMA's counsel as demonstrated by Exhibits A-C, wherein either MMA or MMA's counsel designated opposing counsel as witness. As also discussed herein, counsel for MMA and MMA have repeatedly impugned the integrity of undersigned counsel without any evidence whatsoever other than unfounded paranoia and are, once again, threatening to cross-examine opposing counsel. GLF and undersigned counsel respectfully urge this Court to issue a protective order preventing MMA from calling undersigned counsel as witnesses or listing them as witnesses in the future without prior court approval. In support thereof, GLF would respectfully show as follows:

## I.      RELIEF REQUESTED

1.      GLF seeks entry of an order, substantially in the form attached hereto (the "**Order**"), protecting Ruth Van Meter and Charlie Shelton from being called to testify for the hearing scheduled for the Motion for Entry of Default [Docket No. 57], Motion to Strike the Defendant's Answer to the Original Complaint [Docket No. 63], and the Motion to Extend Time and Accept Late Filed Answer [Docket No. 64] (the collectively, the "**Motions**"). Further, neither Ms. Van Meter nor Mr. Shelton should be subject to the rule of sequestration if it is attempted to

be invoked.

## II.     <u>JURISDICTION AND VENUE</u>

2.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are Section 105(a) of Title 11 of the United States Code (the "**Bankruptcy Code**").

## III.     <u>BASIS FOR RELIEF</u>

4.      Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Debtor lists Ruth Van Meter ("**Ms. Van Meter**") and Charlie Shelton ("**Mr. Shelton**"), each counsel for GLF, as witnesses on its witness list [Docket No. 93]. The Debtor sets forth no basis for Ms. Van Meter or Mr. Shelton to serve as witnesses and no topics about which they supposedly have personal knowledge. Strangely, the Debtor lists Mr. Shelton as an expert witness although the Debtor has not retained Mr. Shelton or designated Mr. Shelton or told Mr. Shelton about which topics he is supposed to opine on.

5.      Even if the Debtor could identify matters on which Ms. Van Meter and Mr. Shelton have personal knowledge or expertise, the Fifth Circuit has stated that "[a]s a general rule, a party's attorney should not be called as a witness unless his testimony is both necessary and unobtainable from other sources." *United States v. Crockett*, 506 F.2d 759, 760 (5th Cir. 1975). "When an attorney's testimony is merely cumulative or capable of being corroborated by other witnesses, the attorney is not 'likely to be a necessary witness' under Model Rule 3.7(a)." *Duke Invs., Ltd. v. Amegy Bank, N.A.* (*In re Duke Invs., Ltd.*), 454 B.R. 414, 422-423 (Bankr. S.D.T.X.

3

2011); s*ee also United States v. Starnes*, 157 F. App'x 687, 694 (5th Cir. 2005) (holding that the lead prosecutor was not a necessary witness because the prosecutor did not observe anything that was not observed by another agent); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001) (holding that the attorney was not a necessary witness because all information was available from other sources); *Landmark Graphics Corp. v. Seismic Micro Tech., Inc.*, Nos. H-05-2618, H-06-1790, 2007 U.S. Dist. LEXIS 6897, 2007 WL 735007, at *5 (S.D. Tex. Jan. 31, 2007) (explaining that while the attorney had knowledge about certain aspects of the plaintiff's allegations, the attorney was not a necessary witness because the record failed to reveal what the attorney knew "in comparison to other witnesses").

6.      Neither Ms. Van Meter nor Mr. Shelton are necessary witnesses. Neither of them were involved with causing MMA to file its answer late nor can they provide any information as to why MMA was late in such filing. Mr. Shelton, for his part, is not an expert for either the Debtor or GLF and cannot be compelled to testify under FRE 702.

7.      GLF suspects that MMA will argue that Ms. Van Meter and Mr. Shelton are somehow necessary to authenticate emails they sent to MMA's counsel. However, neither Ms. Van Meter nor Mr. Shelton are needed for that because: 1) MMA and MMA's counsel can authenticate the emails, and 2) the emails are irrelevant to the matter at hand.

8.       Even if they were proper witnesses, neither Ms. Van Meter nor Mr. Shelton should be subject the rule of sequestration under Rule 615 of the Federal Rules of Evidence. Rule 615(a)(3) excludes from sequestration "any person who presence a party shows to be essential to presenting the party's claim or defense." First, Mr. Shelton is currently out of the office and cannot attend the Hearing. Second, Ms. Van Meter is lead counsel for GLF, will solely attend the Hearing, and is essential to presenting GLF's position at the Hearing, and should therefore not be excluded. She has the institutional knowledge of the Bankruptcy Case and Adversary Proceeding and is

necessary to assist in representing GLF at the Hearing.

9.     GLF further notes that, as indicated at the hearing on GLF's Initial Motion for Protective Order [Main Case Docket No. 659], MMA or MMA's counsel appear to be using designating opposing counsel as a witness as a litigation tactic. Attached hereto as Exhibits A, B, and C are charts of various other recent instances in which MMA or MMA's counsel has designated opposing counsel (not necessarily undersigned counsel) as a witness. MMA has also invoked the rule of sequestration, forcing opposing counsel to leave the room, only to then not even call the sequestered attorney as a witness.

10.     GLF, through counsel, has attempted to confer with MMA's counsel regarding whether the designation was inadvertent and whether they opposed expedited hearing. MMA's counsel indicated that the designation was intentional.

11.     Based on the foregoing, GLF requests an order: 1) excluding MMA from calling Ruth Van Meter and/or Herbert Charles ("Charlie") Shelton II as witnesses at the Hearing; 2) ordering that neither Ruth Van Meter nor Herbert Charles ("Charlie") Shelton II shall be excluded pursuant to Federal Rule of Evidence 615 or similar rule from the courtroom at the Hearing; and 3) ordering that MMA Law Firm, PLLC must seek and obtain leave of this Court prior to naming counsel for GLF as witnesses at any future hearings before this Court.

## IV.     EMERGENCY CONSIDERATION

12.     Pursuant to Bankruptcy Local Rule 9013-1, GLF respectfully requests the Court consider this Motion on an emergency basis. Emergency relief is appropriate as the Hearing is set for Wednesday, July 16, 2025, at 1:30 p.m. (Central Time), which is the Hearing that the Debtor listed Ms. Van Meter and Mr. Shelton as a witnesses for.

## V.     NOTICE

13.     GLF will provide notice of this Motion to the following parties or their respective

counsel: (a) the U.S. Trustee; (b) the Unsecured Creditors' Committee, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

Dated: July 15, 2025                          Respectfully submitted,

**HAYWARD PLLC**

By: */s/ Charlie Shelton*
    Charlie Shelton
    State Bar No. 24079317
    CShelton@HaywardFirm.com
7600 Burnet Road, Suite 530
Austin, Texas 78757
(737) 881-7100 (telephone/fax)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**
**- AND –**

**RUTH A. VAN METER, P.C.**

By: */s/ Ruth Van Meter*
    Ruth Van Meter
    State Bar No. 20661570
    ruth@vanmeterlaw.com
9322 Shady Lane Circle
Houston, Texas 77063
(713) 858-2891 (Direct)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

## CERTIFICATE OF CONFERENCE

Pursuant to Bankruptcy Local Rule 4001-1(A), GLF reached out to MMA's counsel to meet and confer in an attempt to consensually resolve the dispute on July 11, 2025. The Debtor's counsel responded that they oppose the Motion.

*Charlie Shelton*
Charlie Shelton

## CERTIFICATE PURSUANT TO LOCAL RULE 9013-1(I)

I hereby certify that the facts contained in this Motion are true and correct to the best of my knowledge.

*Charlie Shelton*
Charlie Shelton

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 15, 2025, a true and correct copy of the foregoing was filed with the Court and served via the Court's CM/ECF system upon all parties registered to receive such electronic service in this bankruptcy case, including the U.S. Trustee and the following parties.

Johni Patterson
Miriam Goott
Walker & Patterson, P.C.
4815 Dacoma
Houston, Texas 77092
713.956.5577
713.956.5570 fax
jjp@walkerandpatterson.com
mgoott@walkerandpatterson.com

*/s/ Charlie Shelton*
Charlie Shelton