United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 15, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| CRISTOBAL M. GALINDO P.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 25-3310 |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**
*Resolving ECF No. 101.*

    Pending before this Court is the "Emergency Motion Of Cristóbal M. Galindo, P.C. D/B/A Galindo Law For Protective Order"[1] (the "*Motion*") filed by Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("Galindo") on July 15, 2025. The Motion requests an order excluding MMA Law Firm, PLLC ("*MMA*") from calling Galindo's counsel, Ruth Van Meter ("*Van Meter*") and Herbert Charles Shelton II ("*Shelton*") as witnesses at a hearing scheduled for July 16, 2025 (the "*Hearing*"), and requiring MMA to seek and obtain leave of this Court prior to naming any of Galindo's counsel as witnesses at any future hearings before this Court.[2] Additionally, it requests the Court to order that Van Meter and Shelton are excluded from Federal Rule of Evidence ("*Rule*") 615 in the event they are called as witnesses.[3] Without the need of a hearing the Court issues the instant order.

    "As a general rule, a party's attorney should not be called as a witness unless his testimony is both necessary and unobtainable from other sources."[4] "When an attorney's testimony is merely cumulative or capable of being corroborated by other witnesses, the attorney is not 'likely to be a necessary witness.'"[5] Galindo asserts that testimony from Galindo's counsel cannot possibly be relevant to the matters set for the Hearing.[6] The Court set the Hearing to consider the following matters: (1) "Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm's Motion For Entry Of Default By Clerk"[7] ("*Motion for Default*") filed on June 2, 2025 by Galindo; (2) "Emergency Motion To Strike

---

[1] ECF No. 101.
[2] ECF No. 101 at 5.
[3] ECF No. 101 at 5.
[4] *United States v. Crockett*, 506 F.2d 759, 760 (5th Cir. 1975).
[5] *Duke Invs., Ltd. v. Amegy Bank, N.A.* (*In re Duke Invs., Ltd.*), 454 B.R. 414, 422-423 (Bankr. S.D.T.X. 2011); *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 267 (5th Cir. 2001).
[6] ECF No. 101.
[7] ECF No. 57.

The Defendant's Answer To The Original Complaint"[8] ("*Motion to Strike*") filed on June 5, 2025 by Galindo; and (3) "Motion To Extend Time And Accept Late Filed Answer"[9] ("*Motion to Extend*") filed on June 5, 2025 by MMA Law Firm, PLLC ("*MMA*").

In its response to Galindo's Motion for Default, MMA asserts that Galindo never contacted the Defendant prior to filing the Motion for Default in violation of BLR 1001- 1(b) and LR7.1(D).[10] Testimony from Shelton or Van Meter may be necessary to support this claim and bolster MMA's opposition to the Motion for Default. Therefore, the Court finds that it is not appropriate at this time to issue an order excluding their testimony. Moreover, the Court finds it unnecessary to issue a blanket order excluding Van Meter and Shelton from Rule 605 or requiring MMA to obtain leave from the Court to call Galindo's counsel as witnesses. Indeed, MMA has not even indicated if it will invoke the rule of sequestration under Rule 615.[11] Whether an individual may be called as a witness or excluded from Rule 615 is a fact intensive inquiry that depends on the circumstances of each case.[12] Galindo has not shown why the Court should preemptively rule on these issues before they are in controversy.

Accordingly, it is therefore:

**ORDERED**: that

1. The "Emergency Motion Of Cristóbal M. Galindo, P.C. D/B/A Galindo Law For Protective Order"[13] filed by Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("Galindo") on July 15, 2025 is DENIED.

2. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SIGNED July 15, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[8] ECF No. 63.
[9] ECF No. 64.
[10] ECF No. 65.
[11] *See* ECF No. 98.
[12] *See Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1374 (5th Cir. 1981).
[13] ECF No. 101.