United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 17, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-31596 |
| MMA LAW FIRM, PLLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| CRISTOBAL M. GALINDO P.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 25-3310 |
| | § | |
| MMA LAW FIRM, PLLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER
*Resolving ECF Nos. 57, 63 and 64*

Pending before the Court are three matters self-styled as (1) "Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm's Motion For Entry Of Default By Clerk"[1] ("*Motion for Default*") filed on June 2, 2025 by Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm ("*Galindo*"); (2) "Emergency Motion To Strike The Defendant's Answer To The Original Complaint"[2] ("*Motion to Strike*") filed on June 5, 2025 by Galindo; and (3) "Motion To Extend Time And Accept Late Filed Answer"[3] ("*Motion to Extend*") filed on June 5, 2025 by MMA Law Firm, PLLC ("*MMA*").

On July 16, 2025, the Court held a hearing and after considering the pleadings on file, arguments of counsel, evidence in the record, and applicable law, the Court issues this instant Order.

### I. Jurisdiction, Venue and Constitutional Authority

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[4] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), and (O), the instant motion contains primarily core matters as it concerns

---

[1] ECF No. 57.
[2] ECF No. 63.
[3] ECF No. 64.
[4] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

the administration and assets of the bankruptcy estate. Furthermore, this Court may only hear a case in which venue is proper.[5]

Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." MMA's main bankruptcy case is pending in this Court.[6] Therefore, venue is proper. Entering an interlocutory order does not implicate "the constitutional limitations on the Court's authority to enter final judgments."[7] Therefore, this Court need not determine whether it has constitutional authority to enter a final order because an interlocutory order is all that is required by the instant motions.[8]

## II.   Analysis

On May 12, 2025, Galindo filed an amended complaint against MMA (the "*Complaint*").[9] On June 2, 2025, MMA filed its answer to the Complaint (the "*Answer*"), which MMA concedes was filed one business day late per the Court's scheduling order entered on April 28, 2025.[10]

Galindo's Motion for Default is self-contradicting and procedurally improper. The motion itself is labeled as a "Motion For Entry Of Default By Clerk" but the body shows that Galindo is requesting this Court for "entry of a default judgment in accordance with FED. R. BANKR. PROC. 7055, incorporating FED. R. CIV. P. 55(a)."[11] The Fifth Circuit has made clear that the process of obtaining a default judgement contains two steps: first, the plaintiff must request the clerk to enter a default under Federal Rule of Civil Procedure ("*Rule*") 55(a) by demonstrating that the defendant has failed to plead or otherwise defend the action.[12] Once the clerk has entered the default, the plaintiff may then move for a default judgment under Rule 55(b).[13] Galindo failed to obtain a

---

[5] 28 U.S.C. § 1408.
[6] Bankr. ECF No. 1. Citations to debtor's main bankruptcy case no. 24-31596 shall take the form of "Bankr. ECF No.__"
[7] West v. WRH Energy Partners LLC (In re Noram Res., Inc.), 2011 WL 6936361, at *1, 2011 Bankr. LEXIS 5183, at *3 (Bankr. S.D. Tex. Dec. 30, 2011)
[8] *See Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991).
[9] ECF No. 39.
[10] ECF Nos. 58; 64 at 2; 2.
[11] ECF No. 57 at 1–2.
[12] FED. R. CIV. P 55(a).
[13] *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment."); *Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 780 (E.D. Tex. 2023) ("The Fifth Circuit requires a three-step process for securing a default judgment. First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Next, an entry of default may be entered by the Clerk when the default is established by affidavit or otherwise. After the Clerk enters a default, 'the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.' Third, a plaintiff may then apply to the Clerk or the Court for a default judgment.") (citing *New York Life Ins*., 84 F.3d at 141); *Mid-Gulf Shipping Co. v. Energy Subsea LLC*, 472 F. Supp. 3d 318, 322 (E.D. La. 2020) ("A plaintiff who seeks a default judgment against an unresponsive defendant must proceed with a two-step process. First, the plaintiff must petition the clerk for an entry of default,

default from the clerk before filing the Motion for Default and did not attach an affidavit showing that the requirements of Rule 55(a) are met.[14] Accordingly, the Court deems it appropriate to deny the Motion for Default.

The Court next addresses the Motion to Strike and the Motion to Extend. Galindo is requesting the Court to strike MMA's late filed Answer on the grounds that MMA never obtained leave from the Court or Galindo to file its Answer late.[15] MMA is requesting this Court to retroactively extend its deadline to respond to the Complaint and accept its late filed Answer.[16]

Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 9006(b) allows courts to extend deadlines for good cause "if the party failed to act because of excusable neglect."[17] The standard for excusable neglect is flexible and encompasses late filings caused by mistake, inadvertence, or carelessness, provided there is no bad faith.[18] Courts have broad discretion in applying Bankruptcy Rule 9006(b).[19] The Fifth Circuit considers four factors in determining excusable neglect: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[20] This Court generally favors resolving cases on their merits rather than through procedural defaults.[21] This policy often weighs against striking late filed pleadings unless there is significant prejudice to the opposing party.[22]

MMA's Motion to Extend falls squarely within the scope of Bankruptcy Rule 9006(b). Specifically, the Court finds that MMA's reason for its late filed Answer—a calendaring error—was a mistake rather than an act of bad faith.[23] MMA acted diligently by promptly filing its Answer upon realizing the error and sought an extension shortly thereafter.[24] Allowing the late Answer ensures that the case is resolved on its merits and prevents a default judgement.[25] The one-day

---

which is simply . . . . After the clerk has entered default, the plaintiff may move for default judgment under Federal Rule of Civil Procedure 55(b).").
[14] *See* ECF No. 57; July 16, 2025 Hearing (Ruth Van Meter Testifying).
[15] ECF Nos. 57; 63.
[16] ECF No. 64.
[17] FED. R. BANKR. P. 6(b)(1)(B).
[18] *PHP Agency, Inc. v. Martinez*, Civil Action No. 3:21-CV-00418-X, 2022 U.S. Dist. LEXIS 166557, at *3 (N.D. Tex. Sep. 14, 2022); *Reeves v. City of New Orleans*, No. 19-10766, 2023 U.S. Dist. LEXIS 219688, at *5 (E.D. La. Dec. 11, 2023).
[19] *Morris v. Aliu*, No. 6:21cv440, 2022 U.S. Dist. LEXIS 251449, at *2 (E.D. Tex. Apr. 12, 2022).
[20] *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).
[21] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).
[22] *Helen of Troy, Ltd. v. John Paul Mitchell Sys.*, No. EP-05-CA-365-FM, 2007 U.S. Dist. LEXIS 39759, at *3 (W.D. Tex. May 14, 2007).
[23] *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391, 113 S. Ct. 1489, 1496 (1993) ("the enlargement of prescribed time periods under the 'excusable neglect' standard of Rule 9006(b)(1) is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer.").
[24] *Morris v. Aliu*, No. 6:21cv440, 2022 U.S. Dist. LEXIS 251449, at *3 (E.D. Tex. Apr. 12, 2022); ECF Nos. 64; 58.
[25] *Blake v. Peake*, No. H-04-1068, 2008 U.S. Dist. LEXIS 97852, at *6 (S.D. Tex. Dec. 3, 2008).
("Beyond the four-factor test, the case law also indicates that courts are more inclined to grant a Rule 6(b) motion if denying it would be tantamount to granting a default judgment.").

delay in filing the Answer has caused no prejudice to Galindo as the delay has no impact on pending matters, motions or discovery.[26] Accordingly, the Court will accept MMA's late filed Answer and deny the Motion to Strike. Additionally at the hearing Galindo provided no evidence of any prejudice at all.

The Court also finds it necessary to issue a show cause order pursuant to Bankruptcy Rule 9011. Bankruptcy Rule 9011 sanctions relate to misrepresentations made to the court.[27] By presenting a document to the court, an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances, it is not presented for any improper purpose, the contentions are warranted by existing law or nonfrivolous arguments, the contentions have evidentiary support, and the denials are warranted on the evidence.[28] A party violates Bankruptcy Rule 9011(b)(1) and (2) when presenting a document to the court with contentions that the party could not have believed were proper or warranted under existing law or a good faith argument.[29] Consequently, "[a]n attorney who violates Bankruptcy Rule 9011(b) may be sanctioned pursuant to Bankruptcy Rule 9011(c)."[30] "If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may… impose an appropriate sanction upon the attorneys, law firms, or parties that violated subsection (b) or are responsible for the violation."[31] Pursuant to Bankruptcy Rule 9001(c)(3), "on its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney… to show cause why it has not violated" Bankruptcy Rule 9011(b).[32]

In its Motion for Default, Galindo's counsel represents that MMA "has failed to timely file an answer or otherwise respond to the complaint." [33] The Motion to Strike represents that Galindo's counsel "attempted to confer with the Defendant on several occasions; however, the Defendant never responded to any correspondence from the Plaintiff until the Plaintiff filed the Motion for Entry of Default by the Clerk."[34] However, at the July 16, 2025 hearing, testimony by Ms. Van Meter revealed that Galindo's counsel did not attempt to confer with MMA's counsel before filing the Motion to Strike and Motion for Default and that MMA participated in discovery concerning the claims raised in the Complaint—facts that Galindo omitted from its motions.[35] This reveals potential knowing violations of BLR 1001-1(b) and LR7.1(D), which require that opposed motions contain an averment that "(1) [t]he movant has conferred with the respondent and (2)

---

[26] *Morris v. Aliu*, No. 6:21cv440, 2022 U.S. Dist. LEXIS 251449, at *3 (E.D. Tex. Apr. 12, 2022).
[27] FED. R. BANKR. P. 9011.
[28] FED. R. BANKR. P. 9011(b)(1)–(4).
[29] *See Fed. R. Bankr. P.* 9011(b)(1), (2); *In re Bradley*, 495 B.R. 747, 781 (Bankr. S.D. Tex. 2013).
[30] *See Triad Financial Corp. v. Peake (In re Nair)*, 202 Fed. Appx. 765, 766 (5th Cir. 2006).
[31] FED. R. BANKR. P. 9011(c).
[32] FED. R. BANKR. P. 9011(c)(1)(B).
[33] ECF No. 57.
[34] ECF No. 63 at 3.
[35] July 16, 2025 Hearing (Ruth Van Meter testifying).

Counsel cannot agree about the disposition of the motion,"[36] and potential misrepresentations regarding such violations. Therefore, the Court finds cause to believe that Galindo's Motion to Strike and Motion for Default contained misrepresentations and legal contentions not supported by existing law or made in good faith, thereby warranting the imposition of sanctions under Federal Rule of Bankruptcy Procedure 9011.[37] Accordingly, it is therefore:

**ORDERED:** that

1. "Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm's Motion For Entry Of Default By Clerk"[38] filed on June 2, 2025, by Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm is DENIED WITH PREJUDICE.

2. "Emergency Motion To Strike The Defendant's Answer To The Original Complaint"[39] filed on June 5, 2025, by Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm is DENIED WITH PREJUDICE.

3. "Motion To Extend Time And Accept Late Filed Answer" filed on June 5, 2025 by MMA Law Firm, PLLC is GRANTED.

4. On **August 21, 2025, at 1:30 p.m.** (Central Standard Time), a hearing shall be held before the United States Bankruptcy Court at 515 Rusk Avenue, Courtroom #8B, Houston, TX 77002 wherein Cristóbal M. Galindo, P.C. and its counsel, Ruth Van Meter and Herbert Charles Shelton must show cause as to why they have not violated Federal Rule of Bankruptcy Procedure 9011 and why the Court should not issue sanctions, including fee shifting as against Cristóbal M. Galindo, P.C. and its counsel, Ruth Van Meter and Herbert Charles Shelton for filing and prosecuting "Cristóbal M. Galindo, P.C. D/B/A Galindo Law Firm's Motion For Entry Of Default By Clerk"[40] and the "Emergency Motion To Strike The Defendant's Answer To The Original Complaint."[41]

5. Cristóbal M. Galindo, P.C. and its counsel, Ruth Van Meter and Herbert Charles Shelton, must attend the show cause hearing in person.

6. MMA Law Firm, PLLC and Cristóbal M. Galindo, P.C. are invited to meet and confer to resolve the Federal Rule of Bankruptcy Procedure 9011 issues identified in this Order. If a resolution is reached, the parties must file a joint notice outlining the stipulation by August 17, 2025. Upon such filing, the Court may, in its discretion, cancel the show cause hearing and enforce the terms of the stipulation.

---

[36] LR7.1(D); BLR 1001-1(b) ("In addition to these rules, the Local Rules of the District Court . . . govern practice in the bankruptcy court.").
[37] Fed. R. Bankr. P. 9011(b)(1)–(4).
[38] ECF No. 57.
[39] ECF No. 63.
[40] ECF No. 57.
[41] ECF No. 63.

7. Pursuant to Bankruptcy General Order 2021-05 and Bankruptcy Local Rule 9017-1, parties may either appear electronically or in person unless otherwise ordered by this Court.

8. To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at **832-917-1510,** conference room number 999276 **and** (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez. **Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically. One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.**

9. Parties must comply with Bankruptcy Local Rule 9013-2 and Judge Rodriguez's Court Procedures Section VII(b) regarding the exchange and submission of electronic exhibits.

10. For any witness and exhibits, parties must utilize Form 1-100 Witness & Exhibit List which can be located on this Court's home page at https://www.txs.uscourts.gov/content/chief-united-states-bankruptcy-judgeeduardo-v-rodriguez.

11. Not later than July 21**,** 2025, Cristóbal M. Galindo, P.C must serve a copy of this Order on MMA Law Firm, PLLC and all parties entitled to notice of the hearing and file a certificate of service with the Clerk's office.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SIGNED July 17, 2025

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge