IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § **Case No. 24-31596** <br> MMA LAW FIRM, PLLC, § **Chapter 11** <br> § <br> Debtor. § | |
| | |
| CRISTÓBAL M. GALINDO, P.C. D/B/A § <br> GALINDO LAW, § <br> § <br> Plaintiff, § <br> § **Adversary Proceeding No. 25-03310** <br> vs. § <br> § <br> MMA LAW FIRM, PLLC, § <br> § <br> Defendant. § | |

### CRISTÓBAL M. GALINDO, P.C. D/B/A GALINDO LAW FIRM'S SUR-REPLY REGARDING DEFENDANT'S <u>MOTION FOR SUMMARY JUDGMENT</u>
#### (Relates to Docket No. 74)

TO THE HONORABLE EDUARDO V. RODRIGUEZ CHIEF
UNITED STATES BANKRUPTCY JUDGE:

Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm ("**GLF**," "**Galindo**," or "**Plaintiff**") files this Sur-Reply Regarding MMA Law Firm, PLLC's ("**MMA,**" the "**Debtor**," or "**Defendant**") Motion for Summary Judgment (the "**MSJ**") [Docket No. 74]. In support thereof, GLF would respectfully show as follows:

**I.    SUMMARY**

1. The Defendant has failed to establish grounds for summary judgment. It is clear from the testimony and evidence that GLF did not merely provide referrals, the lynchpin of the Defendant's argument. Instead, GLF was actively involved in the Cases, previously defined, (referred to herein as

1

the "**Cases**" or "**MMA/GLF Cases**"), performed meaningful legal work, and assumes "joint responsibility" for the Cases. The Defendant's attack on GLF's evidence is spurious. It contends that GLF should have provided more specific details and documentary support - neither is required under the law and the facts of the case. GLF has demonstrated that there is a fact issue precluding summary judgment.

## II.     ARGUMENT AND AUTHORITIES

### A.     Krause Was Not Discredited During His Deposition; His Testimony Creates Fact Issues Precluding Summary Judgment.

2.      There is no merit to the Defendant's contention that attorney Adam Krause's ("**Krause**") deposition testimony was discredited during cross-examination -- far from it. At best, the alleged inconsistencies that the Defendant raises only go to his credibility as a witness, which is for the fact finder to determine at trial. In the context of summary judgment, courts may not "evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253-55, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986))  The most salient examples of the Defendant's attack on credibility are (i) the Defendant's contention that Krause was biased because he is associated with GLF on other cases, and (ii) the spurious allegation that GLF's attorney improperly "coached" Krause prior to deposition.[1] But, in fact, all of their attacks on his testimony fail.

3.      SmartAdvocate Files: The Defendant makes much ado about Krause's testimony that GLF did not have access to MMA's SmartAdvocate case management system ("**SmartAdvocate**") where the Defendant maintained certain client information. But it is a leap in logic to conclude, as the Defendant does, that GLF did no legal work on the files nor assumed joint responsibility. As the

---

[1] Krause testified that he met with GLF's attorney immediately prior to the deposition, was told of the topics to be covered, and received copies of the exhibits that would be used during the deposition. The Defendant cites no rule that would prohibit these actions. And, upon information and belief, Krause is also co-counsel with the Debtor on many cases that GLF has no involvement.

Galindo Declaration (discussed *infra*) reveals, GLF received almost daily reports regarding the summaries of SmartAdvocate, which in effect gave GLF visibility to the SmartAdvocate system. Viewed in the light most favorable to GLF -- as the Court must on summary judgment -- lack of direct access to SmartAdvocate does not undermine GLF's claim that it performed meaningful legal work on the Cases and/or assumed joint responsibility for them. Further, GLF's vetting of the Cases (discussed *infra*) from a legal standpoint by definition occurred before the client's information was even in the SmartAdvocate system.

4. <u>Case Vetting</u>: The Defendant does not refute Krause's testimony that GLF's attorneys vetted the Cases from a legal standpoint to determine their viability. This is clearly legal work. Instead, the Defendant argues that Krause lacked personal knowledge for his testimony. The fact that he did not know the specifics of which attorneys evaluated which Cases does not mean he lacks knowledge. At best, it goes to the credibility of his testimony which is for the fact finder to decide at trial.

5. <u>Dealing with Upset Clients</u>: The Defendant does not refute Krause's testimony that GLF helped with hostile or upset clients. Instead, it contends that Krause lacked personal knowledge. Though Krause might not have known about the specifics of individual interactions, however, does not mean he lacked knowledge. At best, the issue is one of credibility, which is for the fact finder at trial, not the Court at the summary judgment stage.[2]

6. But even if the Court were to completely disregard Krause's deposition testimony, there is still sufficient evidence in the record to defeat summary judgment, as discussed below.

---

[2] The Defendant also addresses client intake (apart from case vetting), check delivery, and SKIP tracing, none of which has GLF contended constitutes legal work. Even if not legal work, however, they can still support a claim for quantum meruit and/or unjust enrichment, which GLF has pled.

> **B.     Galindo's Declaration Alone Is Sufficient to Create a Fact Issue Precluding Summary Judgment.**

7.     There is no merit to the Defendant's assertion that the Declaration (Affidavit) of Mr. Galindo is vague and conclusory.  In fact, it is proper summary judgment evidence that creates a fact issue on the legal work that GLF performed on the Cases, even if it is self-serving and uncorroborated. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank*, N.A., 805 F. App'x 288, 291 (5th Cir. 2020) (collecting cases).  A proper analysis of the key statements of Mr. Galindo's Declaration reveals that they are not vague or conclusory.

> *I know that GLF performed legal work on the Cases.*
>
> *The legal work performed by GLF was constant, almost daily, monitoring the Cases by customized reports that either MMA and/or K&K would provide to GLF.*
>
> *I flew to New Orleans at least 31 times between September 2021 and March 2023 to meet with my co-counsel in the Louisiana Cases, including but not limited to Mr. Mosely, his staff, and team.*
>
> *In fact, GLF was in touch with clients and MMA on an almost daily basis related to the Cases and further handled difficult clients when MMA was unable to do so.*

8.     Taken together, these statements are not vague or conclusory.  The introductory topic sentence is almost the mirror image of the statement in the Moseley Declaration that he was not aware of GLF performing legal work on the Cases.  But Mr. Galindo makes clear in the following sentences the substance of the legal work. It included reviewing customized reports that MMA and/or K&K would provide, traveling to Louisiana to meet with co-counsel, and communicating and counseling clients.  It stands to reason that GLF would not have monitored the reports on an almost daily basis just to track fees.  It also stands to reason that Mr. Galindo would not have traveled to Louisiana approximately more than once a month to meet with co-counsel if he was not doing meaningful legal work on the Cases.  Further, the Defendant does not dispute that handling difficult clients is meaningful legal work.  Given the volume of meetings and clients, it is unreasonable to require that Mr. Galindo

4

recount the specific substance of each of his meetings with Mr. Moseley, communication with clients, and specific legal tasks GLF performed. Nor would such information make a difference on summary judgment.

9. Because the statements are not vague or conclusory, it is not necessary that they be corroborated by written documentation, such as time records. *Lester*, 805 F. App'x at 291.

> *Further evidence of the relationship is that on January 27, 2023 MMA sent an email to GLF recognizing that GLF had earned over approximately $1.2 million pursuant to some of the recoveries under some of the Cases.*

10. The Defendant misses the point with regard to the fees that the Defendant acknowledged that GLF had earned. They reveal that the Defendant believed that GLF was doing meaningful legal work and had assumed joint responsibility for the Cases. If GLF had not, it would not have been entitled to fees under the rules of professional conduct applicable to sharing of fees, and Moseley would not have acknowledged that it had earned the fee. In short, it directly impeaches the Moseley declaration and creates a fact issue for trial.

11. The bullet point list of legal work provided is also sufficient to create a fact issue for summary judgment.

> *[GLF] Identified and assisted potential claimants[3] by providing them information about their rights to seek compensation for their losses.*
>
> *[GLF] vetted the cases and issues.*
>
> *[GLF] acquired client documents that would be needed to prove the client's cases.*
>
> *[GLF] answered all client questions regarding the case process.*
>
> *[GLF] consistently communicated with the Insureds[4] as needed.*
>
> *[GLF] handled difficult clients that MMA was unable to handle.*

---

[3] The Defendant argues that potential claimants were not clients. But, obviously, some potential clients became clients and Cases.

[4] The Defendant asserts that "Insureds" is not defined. However, it is defined on Page 3 of the Galindo Declaration as the clients.

*[GLF] Had regular meetings and communications with MMA to discuss, assist, and monitor the case.*

12. None of the Defendants' criticisms has merit. First, the Defendant objects that no specifics are provided, such as how GLF vetted the Cases, the names of the clients, the substance of meetings, etc. Given the volume of clients, it is unreasonable to expect that Mr. Galindo recount all those items in the Declaration. Nor would this information be relevant to summary judgment. How, for instance, does the name of the client make a difference on whether summary judgment should be granted? Second, the Defendant objects to the lack of documentary support, such as call records, emails, time entries, or notes. As previously discussed, there is no requirement that documentary support be provided when the declaration is not conclusory. *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291.

13. In short, Mr. Galindo's Declaration is neither conclusory or vague. Therefore, it creates a fact issue precluding summary judgment.

    **C.**    **The Retainer Agreements Demonstrate that GLF Assumed Joint Responsibility for the Cases.**

14. The Retainer Agreements create joint responsibility for the Cases because they do not differentiate between the roles of the three firms. Thus, they are all jointly responsible for the "joint representation."

15. The Defendant cites Comment 13 of Rule 1.04 of the Texas Rules of Professional Conduct, asserting that it requires maintaining communications with the client, monitoring the cases, responding to inquiries, and assisting lead counsel when necessary. As the Krause deposition and Mr. Galindo's Declaration demonstrate, GLF did just that. But Comment 13 actually imposes different requirements. It states in full:

> Joint responsibility for the representation entails ethical and perhaps financial responsibility for the representation. The ethical responsibility assumed requires that a referring or associating lawyer make reasonable efforts to assure adequacy of representation and to

provide adequate client communication. Adequacy of representation requires that the referring or associating lawyer conduct a reasonable investigation of the client's legal matter and refer the matter to a lawyer whom the referring or associating lawyer reasonably believes is competent to handle it. See Rule 1.01. Adequate attorney-client communication requires that a referring or associating lawyer monitor the matter throughout the representation and ensure that the client is informed of those matters that come to that lawyer's attention and that a reasonable lawyer would believe the client should be aware. See Rule 1.03. Attending all depositions and hearings, or requiring that copies of all pleadings and correspondence be provided a referring or associating lawyer, is not necessary in order to meet the monitoring requirement proposed by this rule.  These types of activities may increase the transactional costs, which ultimately the client will bear, and unless some benefit will be derived by the client, they should be avoided.  The monitoring requirement is only that the referring lawyer be reasonably informed of the matter, respond to client questions, and assist the handling lawyer when necessary.  Any referral or association of other counsel should be made based solely on the client's best interest.

16.     The Krause deposition and Mr. Galindo's Declaration make clear that GLF fulfilled these obligations, as discussed above.

### D.     The Additional Exhibits Further Demonstrate a Fact Issue.

17.     The additional exhibits attached to GLF's response further bolster GLF's case.  The financial data makes clear that the Defendant paid GLF its 50% fees for settled cases, showing that the Defendant believed that GLF had performed meaningful work and assumed joint responsibility for the Cases.  Otherwise, it would not have paid the fees.

### E.     The Mosely Declaration Is Not Proper Summary Judgment Evidence.

18.     The Moseley Declaration is not proper summary judgment evidence because it is wholly conclusory in nature.  It merely states that Mr. Mosely was not aware of any legal work performed by GLF.  This is the mirror inverse of a statement in Mr. Galindo's Declaration that GLF did perform legal work that the Defendant criticizes as conclusory.  However, unlike the Moseley Declaration, the Galindo Declaration goes on to detail the work done.

### F.     GLF Did Not Concede in its Rule 56(d) that It Lacked Evidence.

19.     The Defendant argues that by requesting time to conduct discovery under Rule 56(d), GLF admitted that it did not have evidence to substantiate its claim.  By the Defendant's twisted logic,

anytime a Court denies a Rule 56(d) motion, the non-movant would automatically lose a motion for summary judgment. This cannot be the law.

20. GLF has sufficient evidence to create an issue of fact precluding summary judgment, as discussed herein. However, to the extent that additional documentary support or testimony was required, GLF requested an opportunity to conclude its discovery to obtain this information that was not in its possession.

### III. CONCLUSION

Because there is sufficient evidence to substantiate its claims, GLF respectfully asserts that the Motion for Summary Judgment should be denied for all the reasons set forth herein.

**WHEREFORE**, GLF respectfully requests this Court deny the Defendant's Motion for Summary Judgment, and grant GLF such other and further relief to which it is entitled.

Dated: July 18, 2025

Respectfully submitted,

**RUTH A. VAN METER, P.C.**

By: */s/ Ruth Van Meter*
Ruth Van Meter
State Bar No. 20661570
ruth@vanmeterlaw.com
9322 Shady Lane Circle
Houston, Texas 77063
(713) 858-2891 (Direct)

**COUNSEL FOR Cristóbal M. GALINDO, P.C. D/B/A GALINDO LAW FIRM**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on July 18, 2025, a true and correct copy of this Sur-Reply was filed with the Court and served via the Court's CM/ECF system upon all parties registered to receive such electronic service in this bankruptcy case, including the following parties:

Johni Patterson
Miriam Goott
Walker & Patterson, P.C. 4815
Dacoma
Houston, Texas 77092
713.956.5577
713.956.5570 fax
jjp@walkerandpatterson.com
mgoott@walkerandpatterson.com

                                                         *Ruth Van Meter*
                                                         Ruth Van Meter