**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 24-31596** |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

| | | |
|---|---|---|
| **CRISTÓBAL M. GALINDO, P.C.,** | § | |
| *d/b/a* **GALINDO LAW FIRM** | § | |
| *d/b/a* **GALINDO LAW** | § | |
| **TRIAL ATTORNEYS** | § | |
| | § | |
| Plaintiff, | § | **Adversary Proceeding No. 25-03310** |
| | § | |
| v. | § | |
| | § | |
| **MMA LAW FIRM, PLLC,** | § | |
| | § | |
| Defendant. | § | |

**CRISTÓBAL M. GALINDO, P.C., D/B/A GALINDO LAW FIRM, D/B/A GALINDO LAW TRIAL ATTORNEYS' EMERGENCY MOTION TO EXTEND DEADLINES**

>    **Represented parties should act through their attorney.**

>    **Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

>    **Emergency Relief is requested on or before September 2, 2025.**

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE EDUARDO V. RODRIGUEZ:

    COMES NOW, Plaintiff Cristóbal M. Galindo, P.C., d/b/a Galindo Law Firm, d/b/a Galindo Law Trial Attorneys ("Galindo"), and files this, its *Emergency Motion to Extend Deadlines* (Galindo's "Motion"). By this Motion, Galindo seeks a two-month extension of the

deadlines set forth in the Scheduling Order currently controlling discovery in the instant case. As set forth in more detail below and as will be discussed at any hearing hereon, Galindo requests an approximately two-month extension of the deadlines in the Scheduling Order and believes good cause exists because: 1) undersigned counsel has only recently become lead counsel in the matter (since very shortly before the Van Meter withdrawal); 2) MMA has, within the last week, initiated a separate complaint; 3) extending deadlines another two months will still only extend the discovery window to a little over six months, which Galindo asserts is quite reasonable considering the complexity of the case; 4) Galindo has been very active in discovery since the adversary proceeding commenced; 5) Galindo has additional discovery it wishes to conduct (and may need additional discovery with respect to the newly initiated lawsuit commenced by MMA against Galindo; 6) the Court has only recently terminated its Show Cause Order, which provided substantial clarity as to whether the undersigned counsel would even remain in the case; and 7) neither Galindo nor undersigned counsel had any control over the timing of the Van Meter withdrawal or the volume of discovery required to successfully prosecute the case. In support thereof, Galindo would respectfully show as follows:

## I.      Background

1.      On April 28, 2025, the Court entered a *Comprehensive Scheduling, Pre-Trial & Trial Order* [ECF No. 2] (the original "Scheduling Order"). The Scheduling Order set forth a timeline for the above-captioned adversary proceeding, the central purpose of which is to resolve disputes relating to Galindo's Claim No. 47, and objections thereto filed by MMA Law Firm, PLLC ("MMA").

2.      On July  29, 2025, the Court entered an *Agreed Order Modify[ing] Scheduling Order* [ECF No. 122] (the "Modified Scheduling Order").

3.      On August 25, 2025, the Court entered an *Order Granting Unopposed Motion to Withdraw as Counsel to [Galindo]* [ECF No. 133] (the "Withdrawal Order"). The Withdrawal Order allowed Ruth A. Van Meter, P.C. ("Van Meter") to withdraw as Galindo's counsel, leaving Hayward PLLC (the undersigned counsel, or "Hayward") as sole counsel to Galindo. Prior to the Withdrawal Order, Van Meter was serving as lead counsel in the matter with Hayward (particularly undersigned counsel) handling discrete matters. The Withdrawal Order effectively makes Hayward lead counsel in the matter. Although Hayward has been involved, the transition from Van Meter to Hayward will require substantial time. Presently, Van Meter is in the process of sharing significant documents and transitioning, as necessary, research, documents, discovery, and various other items to Hayward.

## II.      Relief Requested and Basis Therefor

4.      The Scheduling Order provides in pertinent part:

> Changes to this Scheduling Order may only be made by further order of the Court. A motion to extend any deadline and/or alter any hearing date will only be granted for good cause shown beyond the control of the lawyers and/or Parties and only in very limited circumstances.

Scheduling Order, Paragraph 15.

5.      Galindo believes good cause beyond the control of the lawyers and/or Parties exists in the instant case.

6.      First, undersigned counsel notes that although he has been participating in the instant case, Van Meter had been lead counsel and is more familiar with the facts, current discovery status, and case strategy to date. Mr. Shelton's involvement has been mostly limited to discrete tasks such as taking one deposition, attending certain hearings, and assisting with drafting certain pleadings. Changing of counsel, especially in such a document and fact-intensive case, is naturally very disruptive.

7.      Second, on August 22, 2025, MMA initiated a separate complaint against Galindo (Adv. Proc. 25-03633). Galindo has not yet had sufficient time to analyze the complaint to determine if it asserts claims that should have been brought as mandatory counter-claims in the instant suit. If such claim should have been brought as mandatory counterclaims in the instant suit and were timely, then Galindo asserts it should have sufficient time to conduct discovery. Of course, only having 18 days to conduct discovery on claims would be insufficient.

8.      Third, the original amount of time allotted for fact discovery was relatively short; slightly less than four calendar months. The Modified Scheduling Order extended discovery an additional two weeks.[1] Therefore, extending discovery for two months will not unduly delay the proceedings.

9.      Fourth, the Motion is not brought for delay and Galindo has been diligent in its discovery. Since the entry of the Scheduling Order, Galindo has served at least thirty (30) third-party subpoenas, taken a deposition, scheduled another deposition, and only recently (on August 22, 2025) received MMA's production and responses in response to Galindo's discovery requests, which exceeds 40 GB in data.

10.      Fifth, the specific additional discovery Galindo intends to seek includes: 1) additional third-party depositions, especially of knowledgeable individuals no longer employed at Galindo or MMA; and 2) potential follow-up discovery with MMA based on its responses to current discovery requests.

11.      Sixth, the Court has only recently terminated its Show Cause Order [ECF No. 106], which has provided substantial clarity as to whether the undersigned counsel would even remain in the case.

---

[1] The Modified Scheduling Order extended the close of fact discovery from August 26, 2025 to September 9, 2025.

12.     Seventh, neither undersigned counsel nor Galindo had any meaningful control over: a) the timing of the Van Meter withdrawal; or b) the volume of discovery required to successfully prosecute the case.

13.     Galindo requests that this matter be heard and decided by September 2, 2025 because it currently has a 30(b)(6) deposition of MMA scheduled for September 4, 2025 and would, if the deadlines are extended, prefer to reset the deposition for a later date in order to give undersigned counsel ample time to prepare.

WHEREFORE, for the foregoing reasons, the undersigned respectfully requests the Court enter an Order: (1) extending the deadlines set forth in the Modified Scheduling Order by approximately two months; and (2) granting such other and further relief as is just and proper.

Dated: August 28, 2025                              Respectfully submitted,

**HAYWARD PLLC**

*/s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
(737) 881-7100 (tel./fax)
cshelton@haywardfirm.com

***Counsel for Cristóbal M. Galindo, P.C.,***
***d/b/a Galindo Law Firm***
***d/b/a Galindo Law Trial Attorneys***

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 28, 2025, I did confer with counsel for MMA Law Firm, PLLC and they indicated they opposed the relief sought herein and having it hear don an emergency basis.

*/s/ Charlie Shelton*
Charlie Shelton

## CERTIFICATE OF SERVICE

This is to certify that on August 28, 2025, a true and correct copy of the foregoing Motion was filed with the Court and served via the Court's electronic case filing system upon counsel and all parties registered to receive such electronic notices in the above-captioned adversary proceeding.

*/s/ Charlie Shelton*
Charlie Shelton